# Manhattan Life Insurance Co. v. Verneuille.

### Action on Insurance Policy.

(Decided May 14th, 1908. Rehearing Denied July 9rd, 1908.
47 South. 72.)

1. *Insurance; Terms of Contract; Inclusion in Policy.*—Conditions stated in an application for insurance cannot be regarded as part of the policy, under the provisions of sec. 2602, Code 1896, unless such conditions are included in the policy, or the application is made a part of the policy by proper reference thereto.

2. *Same; Non Est Factum.*—A plea addressed to a suit on an insurance policy which alleges that the defendant did not enter into the alleged contract sued on, is not a plea of non est factum, within the purview of sec. 3353, Code 1896.

3. *Same; Evidence; Prima Facie Case.*—Where the complaint is in code form, and there is no plea denying the execution of the policy sued on, a prima facie case is made out when the policy is introduced, and evidence introduced showing the death of the insured and that the defendant has had notice thereof.

4. *Same; Pleadings; Issue and Proof; Variance.*—The failure to give notice of the death of insured to the insurer cannot be taken advantage of under the plea of the general issue, but should be specially pleaded to be available.

5. *Appeal and Error; Harmless Error; Sustaining Demurrer to Plea.*—It is harmless error to sustain demurrer to a plea, the benefit of which the pleader has under the general issue, which was pleaded.

6. *Pleading; Amendment; Allowance.*—When the amendment offered is subject to demurrer, it is not error to refuse to allow it to be made.

APPEAL from Mobile Law and Equity Court.

Heard befor eHon. SAFFOLD BERNEY.

Action by Carrie C. Verneuille against the Manhattan Life Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint is in code form. The following pleas were filed thereto: (1) The general issue. "(2) The defendant did not enter into the alleged contract sued on. (3) The alleged contract of insurance sued on never

became binding upon the defendant. (4) The policies sued on never became binding on the defendant, for that it was executed by defendant in pursuance of a written application of George W. Verneuille to defendant, made on or about April 29, 1906, which application provided that there should be no contract of insurance until a policy should be issued by the defendant and manually received and accepted during the good health of said applicant, and that said policy was not manually received and accepted during the good health of said applicant. (5) The policy sued on never became binding upon defendant, for that it was executed by defendant in pursuance of the written application of George W. Verneuille to defendant, made on or about April 29, 1906; that by the terms of said policy the statement and covenant contained in said application were made a part of said policy; that in and by said application it was expressly agreed that there should be no contract of insurance until a policy should be issued by defendant and manually received and accepted during the good health of the applicant; that said policy was not manually received and accepted during the good health of said applicant. (6) Plaintiff ought not to recover on the policy sued on, for that, on or about April 28, 1906, the said George W. Verneuille made a written application to defendant for said policy, in which application he agreed that it should be a part and the basis of such contract of insurance, and further expressly agreed therein that there should be no contract of insurance until a policy should be issued by defendant and manually received and accepted during the good health of the applicant, and that said policy was not manually received and accepted during the good health of the applicant. (7) Defendant says that in and by the terms of said contract or policy of insurance sued on the statement and cove-

C 38

nant contained in the application of said George W. Verneuille to the defendant, made on or about April 29, 1906, for said policy, the foundation of this suit, were plainly and expressly made a part of said policy issued to said Verneuille by said defendant; that in and by the terms and covenants of said application and said entire contract of insurance it was expressly agreed and provided that there should be no contract of insurance until a policy should be issued by defendant and manually received and accepted during the good health of said applicant, and defendant avers that said policy was not manually received and accepted during the good health of said applicant, but while said George W. Verneuille was lying on his deathbed, suffering from a severe illness, towit, meningitis, from which said disease said applicant in less than three days thereafter died." (8) Same as 7 down to and including the words, "thereafter died," and adding: "And defendant says that said receipting and accepting said policy here sued on, under said circumstances and during the said illness of said George W. Verneuille, increased the risk of loss on the said policy. Wherefore defendant says that it is not liable." (9) Same as 7 down to the words, "thereafter died," and adds: "And defendant says that said receipting and accepting of said policy here sued on under said circumstances and during the said illness of said Verneuille was done with actual intent to deceive said defendant." (10) Same as 9, except that it alleges that the receipting and accepting and its circumstances was a fraud upon the defendant.

Demurrers were interposed separately to pleas 2, 3, 4, 5, and 6 on the following grounds: "(1) The allegation of the pleas that the contract of insurance never became binding upon the defendant was a mere conclusion of the pleader. (2) The pleas fail to state any fact show-

ing that the defendant was ignorant of the fact that the said Verneuille was not in good health at the time said policy was manually received and accepted. (3) The pleas fail to deny that said policy was issued and delivered to said Verneuille by the defendant and received and accepted by him. Said pleas fail to state any fact showing that the said Verneuille was actuated by any fraud in receiving or accepting said policy or contract of insurance from the defendant while he was not in good health. (4) Said pleas fail to aver facts showing that said application for insurance is attached to or became a part of the policy sued on. (5) Said pleas fail to aver or state any fact showing that the agreement that there should be no contract of insurance until a policy should be issued by the defendant and manually received and accepted during the good health of the applicant was plainly expressed in the policy upon which this suit was brought. (5½) It is not alleged or averred that it was expressed in the policy sued upon that there should be no contract of insurance until the said policy should be issued by the defendant and manually received and accepted during the good health of said Verneuille. (6) The plaintiff is not bound by any statement or agreement contained in said application, unless said agreement was also plainly expressed in the policy issued thereon, and no facts are stated showing that there was any agreement, plainly expressed in the policy sued upon, that there should be no contract of insurance until the policy was issued by defendant and manually received and accepted during the good health of the said Verneuille." Practically the same demurrers were filed to pleas 7, 8, 9, and 10.

The following are the assignments of error as to the admission of evidence: "(1) To the introduction of the policy in evidence. (2) To the introduction in evidence

of the application. (3) In sustaining the appellee's objection to question propounded to plaintiff, 'Was this policy sued on ever placed in the hands of George W. Verneuille?' also the question, 'To whom was this policy delivered?' and the question, 'When was the premium paid on this policy?' "

There was judgment for plaintiff in the sum of $2,220.

BESTOR, BESTOR & YOUNG, and FRED S. BALL, for appellant. The plaintiff failed to meet the burden cast upon her in that she did not prove that the defendant had notice of the death of the insured. This was a condition precedent.—4 Cooley, p. 3440; *Fire Ins. Co. v. Felrath*, 77 Ala. 194. There was no allegation of waiver of notice and proof.—4 Cooley, 3556. The plea that the defendant did not enter into the alleged contract sued on was not a plea of non est factum. Counsel discuss the construction of the Alabama statutes governing insurance at some length and compare them with the statute of other states, together with citations from other states construing the statutes of such states.

FITTS, LEIGH & LEIGH, for appellee. No brief came to the Reporter.

ANDERSON, J.—Section 2602 of the Code of 1896, in attempting to regulate insurance, says: "No life, nor any other insurance company, nor any agent thereof, shall make any contract of insurance, nor agreement as to a policy contract, other than is plainly expressed in the policy issued thereon," etc. The language quoted is clear and unambiguous. It means what it says and says what it means. To hold that the insured is bound by any anterior or contemporaneous agreements, not plainly expressed in the policy, would strike down both the spirit and letter of the statute. Certainly the par-

ties could, in the absence of the statute, make the application a part of the contract by proper reference thereto, and without setting out said agreement in the policy; but to hold that they can do so in the very face of this statute would be to emasculate it. It was intended to prevent the very conditions set up in the defendant's special pleas, and to relieve the insured from any statements or agreements not plainly expressed in the policy. The trial court did not err in sustaining the demurrers to the defendant's pleas numbered from 3 to 10, inclusive.

The trial court will not be put in error for sustaining the demurrer to plea 2, as the defendant got the benefit of same under plea 1. The complaint sets up a contract of insurance between the insured and the defendant. Plea 1 denies the allegations of the complaint, and plea 2, in effect, does the same thing. Nor do we think the second plea is a plea of non est factum.—Code 1896, § 3353, form 33; *L. & N. R. R. Co. v. Trammell*, 93 Ala. 350, 9 South. 870.

Regardless of the rule of practice adopted by the trial court for amending pleas, the declination to allow the defendant to file the additional pleas, 11 to 16, inclusive, was not reversible error. Each of them predicated the defense upon matter contained in the application, but which was not claimed to be in the policy, and was demurrable. It is not error to refuse an amendment to which a demurrer would be sustained.—*Beavers v. Hardie Co.*, 59 Ala. 570; *Nash v. Southern R. Co.*, 136 Ala. 182, 33 South. 932, 96 Am. St. Rep. 19.

The complaint was in code form; and, in the absence of a plea denying the execution of the policy, the plaintiff made out a prima facie case by introducing the policy and proving the death of the assured and that defendant had notice thereof. There was proof of death,

and the evidence further afforded an inference that defendant had notice of same. The failure to formally furnish proof of death, etc., as required by the policy, was not available to the defendant under the general issue, but should have been specially pleaded.—25 Cyc. 924, 925.

Under the issues presented by the pleading, upon which the case was tried, the trial court committed no reversible error in ruling upon the evidence.

The judgment of the law and equity court is affirmed. Affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.