# Mutual Life Insurance Co. v. Allen.

### Action on Insurance Policy.

(Decided Nov. 25, 1909. Rehearing denied Feb. 26, 1910.
51 South. 877.)

1. *Statutes; Construction.*—Separate sections of a statute should be construed so as to give effect to each and avoid a conflict, if that can be done without doing violence to the letter of either, and in accordance with the plain language and intent.

2. *Insurance; Avoidance of Policy; Misrepresentation.*—While any contract relating to insurance is not binding on the insured unless expressed in the policy misrepresentations made by insured in an application for a renewal or for his reinstatement are binding on him though not expressed in the policy as renewed, if made with intent to deceive and the risk is thereby increased. (Construing together sections 4572 and 4579, Code 1907.)

APPEAL from Dallas Circuit Court.

Heard before Hon. THOMAS E. KNIGHT, Special Judge.

Action on a policy of insurance by Lula T. Allen against the Mutual Life Insurance Company of New York. Plaintiff had judgment, and defendant appeals. Reversed.

The policy sued on was issued upon the life of Walter E. Allen, and it is alleged in the complaint that Allen is dead, of which the company has notice, and that plaintiff is the owner of the policy. Numerous pleas were interposed, but in view of the opinion it is deemed unnecessary to set them out separately. The seventh plea was as follows:

Defendant, for answer to each count in plaintiff's complaint, severally and separately, says that on the 26th day of October, 1902, the said defendant issued its policy of insurance upon the written application of said Walter E. Allen, and in consideration of said application, which application the defendant avers was by the

express terms of said policy made a part thereof; that in and by said policy the defendant in substance and legal effect promised to pay at its head office in the city of New York unto the said Lula T. Allen, who was the wife of said Walter E. Allen, if living, and, if not, to the executors, etc., of the said Walter E. Allen, the sum of $5,000, upon acceptance of satisfactory proof at its head office of the death of said Walter E. Allen during the continuance of the said policy, upon the conditions, among others, that an annual premium of $312.02 should be paid in advance of the delivery of the said policy, and thereafter to the said defendant at its head office in the city of New York on the 26th day of October in every year during the continuance of the contract evidenced by said policy, with a further provision to the effect, and in substance and legal effect, that after said policy had been in force one year 30 days of grace would be allowed in the payment of premiums, with interest for the time taken at the rate of 5 per cent. per annum, during which time the policy remain in force for the full amount thereof. And the defendant further avers that the said policy continued in force until, to wit, the 26th day of November, 1907; that on, to wit, the 20th day of November, 1907, the said Allen made an application to said defendant to have the amount of the said policy reduced one-half, that is to say from $5,000 to $2,500, thereby reducing the premium thereof in half, that is to say, from the sum of $312.02 to $156.01, with the further request that the then surrender value of the one-half of said policy be applied towards the payment on account for a loan of $499, which the said defendant had previously made to him under the terms of said policy and the rules of said defendant, and as security for the payment of which the defendant

[Mutual Life Insurance Co. v. Allen.]

then and there held said policy duly assigned to it; that the defendant granted such application, and thereupon the amount of said policy and the annual premium to be paid therefor was reduced as applied for, the said reduction in the amount of said policy and in the amount of said premium to be on and from October 26, 1907, and the same was indorsed on such policy, and the said surrender value of one-half of the amount of said policy was applied in part payment of the said loan as requested, thereby reducing the amount of said loan to the sum of, to wit, $245, for the payment of which the defendant still held and retained said policy as collateral security. But the defendant avers that the continuance in force of said reduced policy was upon the condition and with the understanding that the said Walter E. Allen should pay the premium on the policy as reduced as aforesaid within the days of grace allowed by said policy, that is to say, on or before the 26th day of November, 1907; and defendant avers that said premium was not, nor was any part thereof, paid on or before the date last mentioned, and that thereupon and by reason thereof the said policy lapsed, and the liability of the defendant thereunder terminated, except as to the surrender value of the said policy provided for under the terms of the said policy, less therefrom the aforesaid loan due by the said Walter E. Allen to the defendant; and defendant avers that under the terms and agreement in said policy contained the surrender value of said policy at the time it so lapsed was the sum of $245, and that the amount of said loan to be deducted therefrom was the sum of $245; and the said defendant avers that thereafter, to wit, on the 21st day of December, 1907, the said Allen requested the said defendant in writing in substance and in legal effect to except the said premium on said reduced

policy which became due and payable on the 26th day of October, 1907, with the interest thereon to date of payment, and to restore and establish said policy in full force and effect for said reduced amount of $2,500; and it avers that in and by said written request, which was duly signed by said Walter E. Allen, it was expressly stipulated by him as follows: 'And the .undersigned (meaning thereby the said Walter E. Allen) hereby ratifies and confirms all the statements made in the application upon which the said policy was issued, and hereby makes said application and this request alike parts of the said contract of insurance, and further guarantees that he is of temperate habits, and that, except as noted below, his health is and has been good, and has remained unimpaired at all times since the last examination for policy No. 1,289,474; that he has not consulted a physician since that time. And the said defendant further avers that there was no excepting as to his health noted below on said request so made by said Walter E. Allen as aforesaid, and it further avers that the number of the policy set out in said request was the number of the original policy issued by the defendant as aforesaid.

"The defendant further avers that said policy as hereinbefore averred lapsed and terminated, and the liability of the defendant thereunder terminated, by reason of the failure of the said Walter E. Allen to pay said premium on said reduced policy on or before November 26, 1907, with the interest thereon from October, 26, 1907, to the date of its payment; and defendant further avers that, relying on the truthfulness of the matters guaranteed therein by him, defendant did restore or establish said policy for the sum of $2,500; and defendant avers that said request or application for establishing said policy did become and was by the agreement therein contained made a part of said policy

of insurance as reduced, and avers, further, that in and by said request the application of the said W. E. Allen, upon which the original policy of insurance was issued, was made and did become a part of the contract of insurance under said reduced policy. In said application to establish said policy said W. E. Allen did warrant and guarantee that he had not, between the time of the last examination for said policy of insurance, to wit, October 26, 1902, and the time of making said application for establishing or restoring said policy, to wit, December 21, 1907, consulted a physician; and defendant avers that such warranty or guaranty was untrue, and avers that only a few days prior thereto, on, to wit, December 11, 1902, the said Allen had consulted a physician, viz., Dr. John T. Furniss, who at that time discovered that he, the said W. E. Allen, was suffering from serious affection of the heart, or valves of the heart; and defendant further avers that misrepresentation was as to a matter warranted or guaranteed by the said Allen to be true, and was as to a matter that increased the risk of loss. Hence this defendant says that said policy is null and void, and this defendant is not liable thereunder, or in this action."

The eighth plea sets up the reinstatement of the policy under a mistake of fact, in that they were not aware that Allen had consulted a physician, or that said physician had declared and determined that he had heart trouble.

Plea 31, which represents the second class, is as follows (filed to each count of the complaint separately and severally): "Defendant says plaintiff ought not to maintain this suit, for this: That prior to and as a part of the negotiations for the execution and the procurement of the contract here sued on the said W. E. Allen falsely and fraudulently represented to this de-

fendant that his health was good; and defendant avers that said representation was false, that the health of said W. E. Allen at said time was not good, but that he was suffering from serious heart trouble. And defendant avers that at the time of said false representation the said W. E. Allen knew that said representation was false; that he made the same to the defendant with the intent to deceive the defendant, and with the intent that it should be acted upon by the defendant, and to induce the defendant to execute the contract here sued on; that said representation was not known by the defendant to be false, and did deceive the defendant, and did induce the defendant to execute the contract here sued on."

TILLMAN, BRADLEY & MORROW, MALLORY & MALLORY, and L. C. LEADBETTER, for appellant. A warranty must be literally fulfilled, or a policy of insurance issued thereon is void.—*Carrollton Furniture Company v. American Credit Company,* 124 Fed. 25; *Farrell v. Security Mutual etc. Company,* 125 Fed. 684; *Supreme Council K. of P. v. Wood,* 47 S. E. 940; *Mutual Life Insurance Company v. Mullens,* 69 Atl., 385; *Rupert v. United Order of Odd Fellows,* 102 N. W., 115; *Pacific Life Insurance Company v. Terry,* 84 S. W. 656; *Connecticutt Mutual etc .Company v. Young,* 77 Ill., 440; *Aloe v. Mutual Reserve Fund Association* (Mo.) 49 S. W., 553; *Leonard v. State Mutual Life Insurance Company* (R. I.) 96 Am. St. Rep., 698; *Central v. Spencer,* 126 Ill. App., 32; *Royal etc. Company v. Williams* (Neb.) 102 N. W. 1020; *Supreme Lodge etc. v. Payne,* 110 S. W., 523. A misrepresentation renders a policy void on the ground of fraud.—*Alabama Gold Life Insurance Company v. Johnson,* 80 Ala., 470. State statutes, forbidding the use of an application, as evidence,

or otherwise, unless embodied in or annexed to the policy of insurance, do not apply to cases where the application is not referred to in the policy.—*Holden v. Metropolitan Life Insurance Company* (Mass.), 74 N. E., 337; *Holden v. Prudential Life Insurance Company,* (Mass.), 77 N. E., 309; *Hews v. Equitable Life Assurance Society of the United States,* 143 Fed., 850. Nor do they apply to the application of revival, in any event. —*Holden v. Metropolotan Life Insurance Company* (Mass.) 74 N. E., 337. And they do not prevent the proof of fraud in the procurement of the contract.— Code 1907, sections 4579 and 4572; *Holden v. Metropolitan Life Insurance Company* (Mass.), 74 N. E., 337; *Holden v. Prudential Life Insurance Company* (Mass.), 77 N. E., 309; *Welsh v. Union Central Life Insurance Company* (Iowa), 50 L. R. A., 774; *Reagan v. Union Mutual Life Insurance Company* (Mass.), 109 Am. St. Rep., 659; *Heirs v. Equitable Life Assurance Society of the United States,* 143 Fed., 850; *Peoria & Company v. Heinz,* 132 Ill. App., 642. Consulting a physician, and denying the fact, increases the risk of loss, assumed in a life insurance policy.—*Bryant v. Metropolitan etc. Company* (N. C.) 60 S. E. 983; *Mutual Insurance Company v. Mullen,* 69 Atl., 385; *Metropolitan etc. Company v. Brubaker* (Kan.) 96 Pac., 92; *Mutual etc. Company v. Cotter* (Ark.), 83 S. W., 321; *Begg's Case,* 110 Ill. App., 139; *Matson v. Modern Samaritans* (Minn.), 98 N. W., 330; *Wall v. Royal Society Good Fellows* (Pa.) 36 Atl., 748; *Cobb v. Covenant Mutual Benefit Association* (Mass.) 10 L. R. A., 666; *Metropolitan Life Insurance Company v. McTague,* 49 N. J. L., 587; *National Life Insurance Company v. Reppond* (Tex.), 81 S. W., 1012; *Metropolitan Life Insurance Company v. Dimmick* (N. J.), 62 L. R. A., 774; *United Brethren Mutual Aid Society v. O'Hara* (Pa.), 13 Atl., 932; *Car-*

*uthers v. Kansas Mutual Life Insurance Company,* 108 Fed., 487; *Society v. Reutlinger,* 58 Ark., 528; 25 S. W. 835; *Brown v. Greenfield* (Mass.), 53 N. E., 129; *Life Assurance of America v. Edwards,* 159 Fed., 53.

PETTUS, JEFFRIES & PETTUS, for appellee. The plaintiff Lula T. Allen is not bound by any contract or agreement as to said policy unless such contract or agreement is plainly expressed in the policy itself.— Section 4579, Code 1907; *Manhattan L. I. Co. v. Vernueille,* 47 South. 73; *Culli v. Travellers P. Assn.,* 105 Fed. 858; 1 Cooley's Briefs on Insurance, 687; *Providence S. L. I. Co. v. Puryear,* 59 S. W. 15; *Manhattan Life v. Myers,* 59 S. W. 30; *Providence Sav. Assn. v. Byer,* 67 S. W. 827; *Supreme Council v. Hughes,* 70 S. W. 405; *Manhattan Life v. Albro,* 119 Fed. 629; s. c. 127 Fed. 381; *Dunbar v. Phoenix Co.,* 40 N. W. 386; *Nugent v. Greenfield L. I. Co.,* 53 N. E. 278; *Prudentiai I. Co. v. Gilligan,* 28 Ohio Cir. Ct. 609; *Fischer v. I. Co.,* 41 Atl. 468; *Jenkins v. C. M. L. I. Co.,* 71 S. W. 688 See also the following cases: *Carson v. Iowa Mutual,* 88 N. W. (Iowa) 1086; *Western Ins. Co. v. Galvin,* 68 S. W., 655; *Johnson v. Scottish Ins. Co.,* 67 N. W. (Wis.) 416; *Imperial Ins. Co. v. Dunbar,* 12 Atl., 668; *Stanhilber v. Mutual Ins. Co.,* 45 N. W., 221; *Grimes v. N. W. Legion of Honor,* 64 N. W., 806; *Stark v. L. K. of the World,* 84 N. W., 721; *Johnson v. Des Moines L. Ins. Co.,* 75 N. W., 101; *Norristown B. Co. v. Hancock Mut.,* 19 Atl., 270; *New Era Life Assn v. Musser,* 14 Atl., 155. There were defects in the pleas otherwise than as above referred to. While averring that Allen had consulted a physician, the pleas are without averment as to whether it was for a serious or slight ailment.—*Pillans v. Metropolitan I. Co.,* 41 Atl. 516; *Hubbell v. Mut. Rev.,* 100 Fed. 719; 25 Cyc. 817; 3 Cooley's Briefs, 2113,

2161; *Plum v. Penn. Mut.*, 65 N. W. 614; *Brown v. Mut. Life,* 32 N. W. 610; *Mutual Life v. Schneider,* 23 L. Ed. 887; *Mutual Reserve v. Oglesby,* 25 South. 869; *Mutual Benefit v. Lehman,* 132 Ala. 640. Some of the pleas base the misrepresentations on the fact that there had been no change in his health, and aver that there had been a change in that he had heart disease.—3 Cooley's Briefs, 2403; *Mulligan v. Prudential,* 58 Atl. 230; *Aetna Life v. Rehlaender,* 94 N. W. 129; *Moular v. A. L. I. Co.,* 111 Ala. 335.

ANDERSON, J.—Section 4579, Code 1907, in regulating insurance, among other things, says: "No life, nor any other insurance company, nor any agent thereof, shall make any contract of insurance or agreement as to policy contract, other than is plainly expressed in the policy issued thereon," etc. This court has construed this section in the recent case of *Manhattan Life Ins. Co. v. Verneuille,* 156 Ala. 592, 47 South. 72. It was there held that the insured was not bound by any anterior or contemporaneous agreement not plainly expressed in the policy. The statute was enacted for the protection of the public, and all contracts, unless plainly expressed in the policy, are expressly prohibited, and are void. This statute is, therefore, unlike the one considered in the case of *Sunflower Co. v. Turner,* 158 Ala. 191, 48 South. 510. It is rather analogous to the statutes considered by that class of cases differentiated from the *Turner Case, supra,* in the opinion in said case.

We did not hold, however, in the *Verneuille Case, supra,* that section 4579 was broad enough to exclude false and fraudulent representations inducing the contract or agreement, and which did not become warranties or agreements. Nor can we so construe this sec-

tion in the case at bar, as it expressly applies only to contracts and agreements, and not to misrepresentations made with the actual intent to deceive, and whicn would increase the risk of loss, and which did not amount to an agreement or warranty. Sections 4572, 4579, are in pari materia, and must be construed together. Section 4572 clearly contemplates that mere misrepresentations, whether written or oral, would not have to be expressed in the policy, else the word "oral" would not appear therein, as it would be useless to provide against oral misrepresentaions if, under the terms of section 4579, they had to be expressed in the policy contract. These two sections should be construed so as to avoid a conflict and give each a field of operation, which can be done without doing violence to the letter of either, and according to the plain language and intent of same. We therefore hold that under section 4579 any contract or agreement relating to same is not binding on the insured, unless expressed in the policy. But misrepresentations in the application or negotiation for insurance or proof of loss thereunder, and which are not made a part of the contract of insurance, or of an agreement relating to same, are binding on the insured, although not expressed in the policy contract, provided, of course, it is made with the actual intent to deceive, or the risk is thereby increased.

Our court, in the case of *Ala. Gold Ins. Co. v. Johnston,* 80 Ala. 470, 2 South. 125, 59 Am. Rep. 816, draws a very decided distinction between warranties and misrepresentations as regards insurance, and our lawmakers evidently had this distinction in mind when enacting the statutes now under consideration. As section 4579 includes only contracts or agreements, and section 4572 not only covers warranties, which must be expressed in the policy, under section 4579, but misrepresentations

[Mutual Life Insurance Co. v. Allen.]

also, whether written or oral, and which did not have to be written in the policy contract, provided they are made with the intent to deceive or the risk is increased. This case is not in conflict with the *Verneuille Case, supra,* and so much as was there decided is affirmed. The defense there set up was a warranty or agreement only, and not mere misrepresentation. The special pleas in said case, from 4 to 10, inclusive, each set up an agreement or warranty not expressed in the policy. It may be that pleas 8, 9, and 10 set up an intent to deceive or defraud; but each of them made plea 7 a part thereof, and which expressly set up and referred to a contract or agreement not expressed in the policy contract.

While there were many special pleas interposed, and to which demurrers were sustained, counsel for appellant have grouped and classified them for convenience. The first class set up warranties not expressed in the policy, and the demurrers thereto were properly sustained. The second class set up false and fraudulent misrepresentations, and the trial court erred in sustaining demurrers to such of them as comply with section 4572. It is needless to discuss them separately, and it is sufficient to say that plea 31 was good, and the trial court erred in sustaining the demurrer to same.

In discussing this question, we deal with it as applicable to original policy contracts, and are not unmindful that the contract or warranties set up in the pleas refer to a revival or renewal of a policy that had previously lapsed. We are of the opinion, however, that section 4579 is broad enough to include any contract or agreement as to the policy, whether it relates to the issuance of the policy, or to a renewal, revivor, or reinstatement of same. The policy of the statute was to inform the insured of his warranties affecting the va-

lidity of his contract by having them expressed in the contract. If they relate to the issuance of the policy, they should be expressed in the original policy. If they relate to a revival or renewal of the policy, they nevertheless relate to the policy contract, and should be expressed in or made a part of the policy as revived or renewed.

For the error above pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.