165 So. 388

**PAGE v. PRUDENTIAL INS. CO. OF AMERICA.**

**6 Div. 726.**

Supreme Court of Alabama.
Jan. 16, 1936.

Harsh, Harsh & Hare, of Birmingham, for appellee.

BOULDIN, Justice.

The suit, in count 1, is to recover the total permanent disability benefit under a group policy of life and disability insurance.

The disability benefit clause defines the coverage in these words: "Said employee * * * shall become totally and permanently disabled or physically or mentally incapacitated to such an extent that he or she by reason of such disability or incapacity is rendered wholly, continuously and permanently unable to perform any work for any kind of compensation of financial value during the remainder of his or her lifetime."

The cause was tried on an agreed statement of facts. These facts, so far as essential to a decision of the question presented, may be summarized thus:

The master policy was issued to the Louisville & Nashville Railroad Company.

Plaintiff, Joe H. Page, was an employee insured under such policy. "For a number of years prior to June 15, 1931, plaintiff was continuously employed by the Louisville & Nashville Railroad Company as a brakeman, a switchman or flagman in the transportation department of said railroad."

In November, 1926, plaintiff got a cinder in his right eye, which inflicted an injury which finally developed, 1931, in a total and permanent loss of sight in that eye. He is thus rendered permanently and totally disabled to engage in his employment as a member of a train crew. "His left eye has normal vision and he can see plainly out of that eye. * * * plaintiff is able, notwithstanding the loss of his sight in his right eye, to do other kinds of work other than work in the transportation department of a railroad as a member of a train crew after familiarizing himself with the duties of such position, and is able to hold a job in other gainful occupations such as crossing flagman or as special agent or as freight clerk or as baggage clerk or other railroad position which does not require the sight of both eyes after familiarizing himself with the duties of such position, and it is further agreed that he is acceptable to the railroads as such in his present condition. And it is further agreed that Mr. Page's eyesight has not and would not interfere with his performance of any kind of work which he would be otherwise able to perform and which does not require the use of both eyes to attend to, and that his physical condition

is normal in every respect except the loss of sight in his right eye." Plaintiff is forty-seven years of age; "has followed the avocation of a flagman or brakeman or switchman on a railroad the majority of his working life and knows no other trade or profession, but plaintiff is of normal and average intelligence and can read and write and completed the fifth grade in public school."

In the recent case of Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248, 252, construing a disability clause of like import as that here presented, our former decisions were reviewed by the full court. It was declared the disability covered by the contract must not be merely occupational, but the insured "must be physically disabled from doing and performing the substantial features of any gainful occupation, within the range of his mental and educational capacity, with the required skill and accuracy of any such occupation."

In Protective Life Ins. Co. v. Wallace, 230 Ala. 338, 161 So. 256, 259, considered and decided by the full court at the same time as the Hale Case, substantially the same rule was stated in these terms: Inability "to do substantially all the material acts necessary to the prosecution of some gainful business or occupation, which the insured was qualified and capable of doing, and which requires substantially the same character of physical and mental training and effort." See, also, Equitable Life Assur. Soc. of United States v. Davis, ante, p. 261, 164 So. 86.

Under the agreed facts above, the disability extends only to a limited field of employment, that of railway trainmen, who, because of the peculiar public service in which they are employed, two good eyes are required. It is agreed other jobs in the railroad service are open to him upon his acquainting himself with the details of the new service. It is common knowledge that a man with one good eye, may, and often does, engage in all the wide range of employment open to a man with two good eyes, save in some special employment demanding full equipment of two eyes.

Efficiency, in a job worth while, whether he have one or two eyes, requires that one familiarize himself with the details of his work.

In Wilson v. Metropolitan Life Ins. Co., 187 Minn. 462, 245 N.W. 826, 827, 829, the Minnesota court, declaring its adherence to the liberal rule of construction, says: "The existence of total and permanent disability so as to prevent the plaintiff from engaging in any occupation and performing any work for compensation or profit must mean any occupation similar to that in which he was ordinarily engaged before the accident, or for which he may be capable of fitting himself within a reasonable time." We think this a sound holding. Any more liberal rule would virtually enlarge the coverage to occupational disability.

We make no effort to harmonize the rule declared in our late cases with all the utterances of former decisions, nor to differentiate our several cases. We follow the last word on the subject as declared by the full court.

The trial court did not err in denying recovery of the total permanent disability benefit under the agreed facts.

Count 2 claimed a special benefit of $500, stipulated for loss, by accident, of the sight of one eye.

The stipulation of the policy here involved reads:

"Loss of eyesight or limbs.

"If any Employee while in the employ of the Employer and insured under this Policy shall sustain a physical impairment such as specified below, as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means and occurring within ninety days of the accident, the Company will pay to such Employee the disability benefit hereinafter provided in addition to any other disability benefit under this Policy, immediately upon receipt of due proof of such impairment:

"For loss of   *   *   *

"Sight of one eye—Five Hundred Dollars."

Loss of sight shall mean total and irrecoverable loss of sight.

The agreed statement of facts discloses the disability did not develop within ninety days after the accident. The accident, getting a cinder in the eye, occurred in November, 1926, the defect of sight developed gradually, and as late as 1928 he was found to have sufficient vision in that eye to permit retention of his job as flagman, etc. He did retain the job until 1931.

■ Appellant insists upon a recovery of this benefit because the limitation "within ninety days of the accident" was not in the certificate issued to the insured employee,

**408**

but only in the master policy held by the employer in Louisville, and never seen by the plaintiff. Appellant argues the certificate must be treated as the sole contract under Code, § 8371, as construed in National Union Fire Ins. Co. v. Griffith, 221 Ala. 112, 127 So. 812.

The policy stipulated: "The company will issue to the employer for delivery to each person insured under this policy an individual certificate setting forth the insurance protection to which such person is entitled hereunder and to whom such insurance is payable." Both policy and certificate mentioned certain conversion privileges on termination of employment. The policy, however, stipulated what instruments should constitute the entire contract. The certificate was not named as one of them.

The certificate, itself, in its first paragraph, recites:

"The Louisville & Nashville Railroad Company (hereinafter designated as the employer) has entered into a contract with The Prudential Insurance Company of America, incorporated under the laws of the state of New Jersey, home office, Newark, New Jersey (hereinafter designated as the company), whereby, in accordance with and subject to the terms and conditions of its Group Policy No. 1788 issued by the said company and insuring a group of employees of said employer, Joe H. Page, an employee included in the said group of employees, has been insured for the amounts shown in the following schedule."

Certainly this definitely discloses the certificate is not the sole contract.

■ We do not think Code, § 8371, was intended to prevent issuance of group policies by the insurer to the employer, who stipulates for and on behalf of his employees, and contributes in part to payment of the premiums; a form of insurance reduced in price by the administrative features.

■ We do not hold that a certificate issued by the insurer to the employer to be furnished the employee as evidence of his insurance benefits is to be ignored in construing the contract. If its terms definitely contradict those of the master policy on a material point, so as to silence inquiry in that regard, the rule of liberal construction should be applied in favor of the certificate holder.

We do not think such situation appears in this case. In referring to the benefit for loss of the sight of an eye, the certificate further recites that such benefit accrues "as provided in the policy."

We find no error in the ruling of the trial court denying recovery of this special benefit.

Affirmed.

GARDNER, FOSTER, and KNIGHT, JJ., concur.