5 So.2d 784
### ALL STATES LIFE INS. CO. v. STEWARD.
3 Div. 366.

Supreme Court of Alabama.
Jan. 22, 1942.

T. W. Thagard and Powell & Hamilton, all of Greenville, for appellee.

Calvin Poole, of Greenville, for appellant.

GARDNER, Chief Justice.

Suit upon a certificate of insurance issued to Alfred C. Steward under the provisions of a group insurance policy issued to W. T. Smith Lumber Company of which said Steward was an employee. The policy contract is to be found upon examination of the provisions of the certificate in connection with those of the "Master Policy" and application therefor, and the individual application of the insured person. Page v. Prudential Insurance Co., 231 Ala. 405, 165 So. 388.

This action is by the widow of said Steward, the beneficiary named in the certificate, and seeks to recover permanent total disability benefits alleged to have accrued because of the total permanent disability of plaintiff's deceased husband. The provisions of the benefit certificate for the payment of permanent total disability benefits are as follows: "Permanent Total Disability Benefits: Upon due proof that since the payment of the initial premium upon this contract, before a default in the payment of any subsequent premium, and before the anniversary of this contract nearest the sixtieth anniversary of the date of birth, the Insured has become wholly disabled by

bodily injury or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive the payment of any premiums which may fall due on this contract for such employee during such disability and will pay in full settlement for such Employee under this contract the amount of insurance in force hereunder at the time of the receipt of due proof of such disability in a fixed number of installments chosen by the insured from the following table, the first installment to be paid immediately upon receipt of due proof of such disability."

And the pertinent provisions of the group policy under the terms of which the certificate was issued are as follows: "Termination of Insurance. In the event any Employee shall, at the time of termination of employment, be wholly disabled, and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit, premiums being duly paid as provided for hereunder, the Insurance will remain in force as to such Employee during the continuance of such disability for the period of three months from the date upon which the employee ceased to work and thereafter during the continuance of such disability and while this policy shall remain in force until the Employer shall notify the Company to terminate the insurance as to such Employee. Nothing in this paragraph contained shall limit or extend the permanent total Disability Benefit to which an Employee shall become entitled under his certificate."

The testimony is without material conflict. Insured Steward was an employee of W. T. Smith Lumber Company and as such was entitled to insurance benefits under the group policy, and the beneficiary certificate was issued to him; the premiums were paid to maintain the certificate in force until his employment was terminated, which event occurred near April 1, 1936; at the time of his termination of employment Steward was disabled within the meaning of the certificate and remained so to the date of his death in June, 1939; after the termination of his employment no premiums were paid by the insured or by anyone for him, but the policy was maintained in force by payment of the premium on March 1, 1936 until April 10, 1936 and was so in force when his employment terminated by reason of his disability; Steward lived after the termination of his employment in April, 1936 for more than three years, having died June 11, 1939; pursuant to policy provisions the Smith Lumber Company notified appellant insurance company of the termination of employment of insured about May 1st, 1936, and the certificate of insurance was cancelled on appellant's records on or about May 10, 1936; the group policy was cancelled in January, 1939, and no premiums paid by the Lumber Company on the group policy after that date; no notice of disability was ever furnished to appellant company during the life time of the insured Steward, the first notice being by letter of attorney for appellee dated July 17, 1939 and proofs of claim furnished August 31, 1939.

The foregoing statement should suffice for this case with little discussion to follow. Language of like import as that embraced in the policy contract here sued upon was interpreted as clearly requiring due proof of disability as a condition precedent to the right to recover. Our decisions are uniform to that effect. The question was carefully considered in New England Mut. Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 152, 59 A.L.R. 1075, with citation of a number of supporting authorities. In the Reynolds case it was observed: "The entire structure of the agreement negatives the idea of a self-operating waiver in the event of total disability, but imposes a contractual obligation on the company to waive premiums when 'due proof' is furnished. Manifest reasons appear for thus limiting the agreement."

■ The conclusion was that furnishing due proof of disability to the insurer was a condition precedent to a waiver of premium payments.

And in McCutchen v. All States Life Ins. Co., 229 Ala. 616, 158 So. 729, 733, the correctness of the holding in the Reynolds case was vigorously assailed and we were asked to recede therefrom. The opinion reviews the authorities and elaborates the discussion. Answering the case as there presented the Court said: "By parity of reasoning, if proof of disability, while the policy is yet in force, is, by plain and unambiguous terms, made one of the things to be performed before the obligation to pay a disability benefit arises, no subsequent insanity or other condition making it impossible to comply will excuse performance. To do so would be to write a new contract."

Reference was made also to McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151

So. 349, 352, where the Court had again reviewed the Reynolds case with the observation: "In that case we held, under a life policy containing a provision waiving premiums, in the event of permanent total disability of the insured on being furnished due proof thereof, that the furnishing of such proof of disability constituted a condition precedent to waiver of premium, notwithstanding the fact that the insured was insane on the date the premium became due and continued in that state until his death."

■ This conclusion was rested upon the principle that where the language of the contract is plain and unambiguous, there is no room for construction and it is the duty of the court to enforce it as written.

In New York Life Ins. Co. v. Mason, 236 Ala. 44, 180 So. 775, and New York Life Ins. Co. v. Sinquefield, 231 Ala. 185, 163 So. 812, containing language very similar to that here involved and of like import with that in the Reynolds case, the holdings were to the same effect, that is the furnishing of due proof was a condition precedent. In the Mason case [236 Ala. 44, 180 So. 778], referring to that of New York Life Ins. Co. v. Sinquefield, supra, it was said: "We held in that case that the furnishing of due proof of disability constituted a condition precedent to any obligation on the part of the insurer to pay disability benefits. We further held that this obligation to pay disability benefits does not rest wholly upon the existence of disability, but that it was the receipt by the company of proof of disability which was definitely made a condition precedent to an assumption by the insurer of the payment of benefits."

Such also is the effect of the holding in Provident Life & Accident Ins. Co. v. Heidelberg, 228 Ala. 682, 154 So. 809. Appellee lays stress upon Prudential Ins. Co. v. Gray, 230 Ala. 1, 159 So. 265, where the language of the contract, differing from that here in question, was construed as fastening liability when disability occurred, and the matter of proof only considered as fixing the time of payment. The question of proof in such case is a condition subsequent, as pointed out in Metropolitan Life Ins. Co. v. Phillips, 236 Ala. 259, 182 So. 35 and Equitable Life Assur. Soc. v. Hill, 230 Ala. 505, 161 So. 800.

But as we have previously noted, the language of the Reynolds case and that in the other cases re-affirming, is similar to that in the instant case and controls the decision

here. So widely differing in the contract language, the Gray case is not in point. Appellee cites also Minn. Mut. Life Ins. Co. v. Marshall, 8 Cir., 29 F.2d 977; Id., 279 U.S. 851, 49 S.Ct. 347, 73 L.Ed. 994; Franklin Life Ins. Co. v. Tharpe, 130 Fla. 546, 178 So. 300 and Hallowes v. New York Life Ins. Co., 133 Fla. 872, 184 So. 7, 12, 14, which have been read with interest. But as the ruling here is controlled by our own decisions we consider further study of authorities elsewhere unnecessary.

■ Appellee likewise lays some stress upon the language of the contract, hereinabove set out, headed "Termination of Insurance", and insists this clause, considered in connection with that referring to total disability, suffices to render the contract ambiguous. But we cannot agree. This was a group policy of insurance and terminated upon the termination of the employment of insured. But the above-noted provision made concession to the insured if totally disabled at the time, and continued the insurance in force for three months, expressly stating, however, "premiums being duly paid", and "while this policy shall remain in force".

The language of this clause of the contract negatives any idea of a continuance of the contract in force without the payment of the premiums, which, as observed in the Reynolds case, constitute the "consideration for the contract", and the prompt payment of which constitutes "the life of the business".

There is nothing, therefore, in the "Termination of Insurance" provision, that in any way affects that of the "Permanent Total Disability Benefits", as interpreted by decisions of this Court.

■ Undisputedly Steward, the insured, ceased to be employed by the W. T. Smith Lumber Company about April 3, 1936 and lived until June 11, 1939. Premium payments continued the policy in force until April 10, 1936, but from that time to the date of his death, a period of more than three years, no premium was paid and no proof of disability furnished. During the life time of Steward, therefore, the company had been furnished no proof of disability. The following observation in the Reynolds case is here in point: "It is further of importance that any issue as to the fact of disability be adjusted while the insured is living, not postponed until an issue must be made with the beneficiary after his death."

But we forego further discussion. Under our decisions it was a condition precedent that due proof of disability be furnished, or else there was no waiver of premiums and the policy must lapse. Under these authorities and in the light of the undisputed proof the defendant was due the affirmative charge as requested.

 But, accepting for the moment and for the sake of argument, appellee's contention that the matter of proof was a condition subsequent, still we think the same conclusion must be reached. This for the reason that in no event was proof furnished within a reasonable time. We have noted the statement in our cases that the contract contemplated proof be furnished during the life time of the insured. And appellee insists that the question of reasonable time must be measured by the surrounding circumstances; that the insured was suffering from arthritis and tuberculosis and took much aspirin to alleviate his pain, and was worried over his condition.

Undisputedly Steward, the insured, was up and around the house during this period of more than three years and that his mind was alert. Soon after the termination of his employment he made application and went to the Veterans' Hospital in Tuscaloosa, where he remained thirty days for treatment.

We can see nothing in all of these facts and circumstances to excuse the furnishing of due proof of disability. He was mentally alert and any anxiety concerning his condition would seem, from a common sense standpoint, to have stimulated interest and activity as to disability insurance, rather than otherwise as argued by appellee. Insured did nothing by way of furnishing proof of disability and more than three years elapsed and it was after his death proof was made by the beneficiary, his widow.

It is clear enough that viewed in any aspect, proof was not furnished within a reasonable time as a matter of law. The case of Provident Life & Accident Ins. Co. v. Heidelberg, supra, is ample authority to sustain this conclusion.

But, as previously observed, the furnishing of proof was a condition precedent in this case, and discussion of the question of reasonable time was merely by way of demonstration that, viewed in any aspect, plaintiff was not entitled to recover.

It results that the judgment is due to be reversed.

Reversed and Remanded.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.