35 So.2d 696

LIFE INS. CO. OF VIRGINIA v.
HANBACK.

8 Div. 421.

Supreme Court of Alabama.
May 20, 1948.

Mitchell & Poellnitz, of Florence, for appellant.

Bradshaw & Barnett, of Florence, for appellee.

policy was in force and effect during the period for which disability payments are claimed. The complaint was not subject to demurrer in this regard. Inter-Ocean Casualty Co. v. Anderson, 245 Ala. 534, 17 So. 2d 766; American Bankers' Ins. Co. v. Dean, 227 Ala. 387 150 So. 333; Sovereign Camp, W.O.W., v. Gunn, 224 Ala. 444, 140 So. 410.

█ It is further claimed that the complaint does not clearly show whether recovery is sought for loss under the certificate or under the group policy. This position is not correct. The group or master policy is issued to the employer and the certificate is issued to the employee. But the two contracts are not separate and distinct without relationship to each other. On the contrary while the suit is upon the certificate, "The policy contract is to be found upon examination of the provisions of the certificate in connection with those of the 'Master Policy'." All States Life Ins. Co. v. Steward, 242 Ala. 258, 5 So.2d 784, 785. In this connection there is no violation of § 75, Title 28, Code of 1940. Page v. Prudential Ins. Co. of America, 231 Ala. 405, 165 So. 388. The demurrer was properly overruled.

█ The demurrers of plaintiff to pleas 2 through 9 inclusive were sustained by the court. Evidence of the matters alleged in the pleas was introduced under the general issue. Whatever error, if any, there may have been in these rulings, was error without injury. Coolidge v. Collum, 211 Ala. 203, 100 So. 143; Montgomery Production Credit Ass'n v. M. Hohenberg & Co., 31 Ala.App. 117, 12 So.2d 865. And this is especially true when the incidents of the trial, such as for example the charge of the court, show that the jury understood and passed on the issues as though the pleading was sufficient. Mindler v. Crocker, 245 Ala. 578, 18 So.2d 278. Counsel appear to be in some uncertainty as to the provisions in the policy relating to notice. The provisions of the policy introduced in evidence make proof of loss a condition precedent to recovery. When such a policy is sued on, the plea of the general issue casts on the plaintiff the burden of showing that due proof of loss has been made. If the policy does not

STAKELY, Justice.

█ This is a suit brought by Marvin S. Hanback against The Life Insurance Company of Virginia on a certificate issued under a group accident and sickness policy. The complaint consisted of one count, which will appear in the report of the case. It was amended by striking the words "December 1" and inserting in lieu thereof the words "November 17". It is insisted that the amended complaint, which substantially follows the statute (form 12, Title 7, § 223, Code of 1940), is subject to demurrer for failure to allege that the

646

make proof of loss a condition precedent to recovery, then failure of proof of loss must be specially pleaded. Continental Assur. Co. v. Hendrix, 246 Ala. 451, 20 So.2d 851; New. York Life Ins. Co. v. Sinquefield, 231 Ala. 185, 163 So. 812.

The court sustained objection to the following question propounded to Dr. Harry M. Simpson. "In your professional opinion, from your examination of Mr. Hanback, was he totally disabled to perform every duty of his profession when you examined him?" We do not think the court should be put in error for this ruling. Without considering whether the question invades the province of the jury, there is no proof that the doctor knew or had been informed of the duties of plaintiff's profession. In fact Dr. Simpson expressly testified, "I didn't inquire into his industrial history." Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840.

Raymond Stults, witness for plaintiff who was not qualified as an expert was asked on direct examination, "I will ask you if after November 17, 1945, if he appeared to be ill?" The defendant objected on the ground that the witness was not an expert. The court overruled the objection and permitted the witness to give an affirmative answer. In this ruling there was no error. American Nat. Ins. Co. v. Rains, 215 Ala. 378, 110 So. 606; Sovereign Camp, W.O.W., v. Hutchinson, 217 Ala. 71, 114 So. 684.

The court refused to give written charges 1, 2, 4, 5, 6, 8 and 9 requested by the defendant. There was no error in these rulings. The charges are either covered by other written charges or the oral charge or are contrary to tendencies of the evidence or follow the wording of certain parts of the policy and not the meaning or construction which should be given to such parts of the policy. Pacific Mutual Life Ins. Co. of California v. Marks, 230 Ala. 417, 161 So. 543; John Hancock Mutual Life Ins. Co. v. Schroder, 235 Ala. 655, 180 So. 327.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.