92 So.2d 26

**J. Haden ALLDREDGE**

v.

**SECURITY LIFE & TRUST COMPANY.**

3 Div. 736.

Supreme Court of Alabama.

Jan. 17, 1956.

Knabe & Nachman, Montgomery, for appellant.

Rushton, Stakely & Johnston, Montgomery, for appellee.

LAWSON, Justice.

The original bill in this case was filed in the circuit court of Montgomery County, in equity, on February 26, 1954, by J. Haden Alldredge, against Security Life & Trust Company, hereafter referred to as Security.

The subject of the litigation is a policy of insurance issued by Security on the life of Alldredge, which policy bearing date of October 1, 1930, was delivered to Alldredge on October 7, 1930, by Security's general agent for Alabama, C. E. Winters.

The original bill sought declaratory relief. The bill prayed in effect that the court declare that the insurance policy in question is a "paid-up life insurance policy in the sum of Seven Thousand Dollars ($7000), free and clear of all claims, liens or encumbrances of every type whatsoever" and the bill further prayed for a declaration to the effect that Security is indebted to Alldredge in an amount equal to the sum of certain premium payments made by Alldredge to Security, which payments are alleged to have been wrongfully exacted. In the alternative the original bill prayed that the insurance policy be rescinded and that Security be required to return to Alldredge all sums paid by him to Security in connection with the policy, together with interest on such sums.

By way of amendment the complainant further prayed in the alternative that the policy of insurance be reformed so as to carry out what he alleges to be the intention of the parties.

In the main the relief prayed for in the bill was based on averments to the effect that the provisions of a written instrument made Exhibit A to the bill should be given effect, in accordance with the interpretation which complainant places upon such provisions.

After its demurrer was overruled, Security filed its answer wherein it set up among other defenses the provisions of §

8371 of the Code of 1923, Code 1940, Tit. 28, § 75, which section reads:

"No life, nor any other insurance company, nor any agent thereof, shall make any contract of insurance, or agreement as to policy contract, other than is plainly expressed in the policy issued thereon; nor shall any such company or agent pay or allow, or offer to pay or allow, as inducement to insurance, any rebate of premiums payable on the policy, nor shall any particular policy holder of the same class be allowed any advantage in the dividends or other benefits to accrue thereon, or any valuable consideration or inducement whatever not specified in the policy contract of insurance."

After a hearing wherein the testimony was taken ore tenus the trial court rendered a decree denying the relief prayed for in complainant's bill other than in so far as it sought a declaration concerning the effect of the instrument made Exhibit A to the bill. In that respect the trial court declared: "The Court is also of the opinion that instrument designated as Exhibit 'A' attached to Complainant's original bill, being an agreement other than and outside of the policy contract issued by Respondent to Complainant, and because of the prohibition expressed in Section 8371 Code of Alabama 1923, cannot be construed to be a part of or alter the terms of the policy contract." The trial court ordered, decreed, and declared:

"2. That the instrument designated as Exhibit 'A' and attached to the bill of complaint in this cause is not a part of the policy contract issued by Respondent to Complainant.

"3. That said policy of life insurance is of itself plain and unambiguous and is not altered, modified or extended by said Exhibit 'A'."

From that decree Alldredge, the complainant below, has appealed to this court.

■ We see no occasion to set out the provisions of the insurance policy. There is nothing in that policy which would justify any of the relief which complainant seeks. He does not so contend. As before indicated, complainant insists that the written instrument which he made Exhibit A to the bill should be read into the policy and that when that is done he is entitled under the evidence to a decree to the effect that he has a paid-up policy to the extent of $7,-000.

In regard to Exhibit A, the evidence shows that some time prior to July 18, 1930, C. E. Winters, the general agent for Security, called upon Alldredge at the latter's office in the city of Montgomery concerning the issuance by Security of an insurance policy on the life of Alldredge. At the time of that visit Winters left with Alldredge the written instrument which has been referred to as Exhibit A, which instrument Winters had signed. On July 18, 1930, Alldredge signed an application to Security for the issuance of a policy covering his life in the amount of $7,000 with an annual premium of $322.28. Thereafter on October 7, 1930, Winters brought to Montgomery the policy of insurance covering the life of Alldredge which is the subject of this litigation. On the day that he delivered the policy of insurance, Winters endorsed or placed on the written instrument designated Exhibit A the date October 7, 1930. Neither the policy of insurance which was delivered to Alldredge nor the application which he made makes any reference whatsoever to Exhibit A, which written instrument, according to Alldredge's construction of it, would entitle him to a policy of $7,000 paid-up life insurance upon the payment of only four annual premiums of $322.28 each.

■ As before indicated, the policy of insurance is plain and unambiguous in its terms. Under the decisions of this court construing and applying the provisions of § 8371, Code 1923, the trial court correctly held that the provisions of Exhibit A can-

not be considered as a part of the policy contract issued by Security to the complainant, Alldredge. Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 592, 47 So. 72; Mutual Life Ins. Co. of New York v. Allen, 166 Ala. 159, 51 So. 877; Satterfield v. Fidelity Mutual Life Ins. Co., 171 Ala. 429, 55 So. 200; Mutual Life Ins. Co. of New York v. Lovejoy, 201 Ala. 337, 78 So. 299, L.R.A.1918D, 860; Independent Life Ins. Co. of America v. Butler, 221 Ala. 501, 129 So. 466; Louisiana State Life Ins. Co. v. Phillips, 223 Ala. 5, 135 So. 841; Reliance Life Ins. Co. of Pittsburgh v. Lowry, 229 Ala. 258, 156 So. 570; Federal Life & Casualty Co. v. Robinson, 235 Ala. 308, 178 So. 551; Tutton v. Liverpool & London & Globe Ins. Co., 237 Ala. 230, 186 So. 551; Pryor v. Gowan, 204 Ala. 257, 85 So. 370. In support of his position the appellant cites Page v. Prudential Ins. Co. of America, 231 Ala. 405, 165 So. 388; Life Ins. Co. of Virginia v. Hanback, 250 Ala. 643, 35 So.2d 696; All States Life Ins. Co. v. Steward, 242 Ala. 258, 5 So.2d 784. As to these cases, we think it sufficient to observe that they all deal with group policies and this court has consistently held that the provisions of § 8371, Code 1923, have no application to such policies.

■ Although the provisions of § 8371, Code 1923, operate to prevent a consideration of the so-called Exhibit A, we feel inclined to observe that after a careful and studied consideration of that instrument, it would not justify the relief sought by the complainant even though it be considered in connection with the provisions of the policy of insurance. In other words, we do not agree with the construction which complainant places on the said written instrument.

As far as we can determine, the contention was not made in Alldredge's amended bill that the express provisions and requirements of the insurance policy had been altered subsequently to its issuance by agreement of the parties. However, it is argued here in brief of appellant that the evidence shows that there was such a subsequent agreement and that consequently the trial court should have decreed that the complainant below has a paid-up policy in the sum of $7,000. Again we see no occasion to set out the evidence as it relates to the actions of the complainant and of Security and the correspondence between them from the year 1930 to 1954. We have examined that evidence with considerable care and are thoroughly committed to the view that there was no such subsequent agreement. In fact, we do not find in the record before us any evidence which tends to show a subsequent agreement altering any of the terms of the policy of insurance. The evidence merely shows an acknowledgement of an election made by complainant below, the appellant here, to put into operation a feature of the policy, namely, the premium loan feature and Alldredge's actions throughout the years as shown by this record clearly indicate to us that there had been no subsequent alteration of the provisions of the policy.

What we have said above concerning Exhibit A is sufficient to show that we do not think complainant made out a case for reformation of the policy of insurance.

We have purposely avoided making a detailed statement of the evidence in this case, but it has been given our most careful and studied consideration and we are clear to the conclusion that the decree of the trial court is correct and should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.