JOHN HANCOCK MUTUAL LIFE IN-
SURANCE COMPANY, Appellant,

v.

Wanda A. WELSH, Appellee.

No. 17379.

United States Court of Appeals
Fifth Circuit.

Sept. 4, 1959.

Rives, Chief Judge, dissented in part.

Drayton T. Scott, Birmingham, Ala., for appellant.

Andrew W. Griffin, Birmingham, Ala., for appellee.

Before RIVES, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

In our opinion in this case, we stated [267 F.2d 152]:

"It is agreed, as shown above, that the insured was not actively at

work on June 1st, but that he had entered the hospital May 18th and remained there until his death June 17, 1957".

The parties now agree that the only question submitted to the court below was the effective date of the amendment to the insurance policy, and that the question of whether decedent was actively at work at the time the amendment became effective was not submitted to the court below. The petition for rehearing is, therefore, granted to the extent of withdrawing the above-quoted portion of the opinion.

In all other respects, the petition for rehearing is denied. We adhere to our conclusion that Amendment 33, Part V, went into effect on June 1, 1957, and that this is true whether the so-called extraneous evidence is considered or not.

The "extraneous evidence" consists of an affidavit by Mildred Lester, who was Insurance Assistant of the National Stationery and Office Equipment Association, together with Exhibits A through G. Exhibit B is a letter, dated April 22, 1957, from one of the trustees to each participant company in the group insurance fund in which the trustee advised that eighty-five percent of the membership favored the new insurance program. The letter states, "Consequently, arrangements have been made with John Hancock Mutual Life Insurance Company to make the program effective June 1, 1957, and your Trustees are delighted to send you the details of the necessary steps to be taken."

The letter further sets forth portions of the "Present Plan" and alongside lists corresponding portions of the "New Plan" which was the basis upon which it was possible to obtain insurance in the maximum amount of ten thousand dollars instead of five thousand dollars, which was the maximum limit under the old plan. The letter encloses a form to be executed by those of the Group who desire to participate in the new plan.

Exhibit C is that form signed "J. W. Welsh Company, J. W. Welsh III",

dated April 26, 1957, and contains these words: "We wish to change our participating in the NSOEA Group Insurance Trust to the New Plan, as outlined in the letter accompanying this form". These two writings, therefore, constitute the application of decedent's employer for inclusion under Amendment 33, Part V.

Exhibits E and F are receipts showing that the premium paid by decedent's employer increased as of June 1, 1957, and they show the effective date to be June 1, 1957. It was necessary that decedent's employer apply for inclusion under the amendment and pay the advanced premiums in order that its employees might have the benefits of the amendment.

These documents and the portion of the Lester affidavit referring to them were a portion of the machinery necessary to make the amendment effective. They do not in any sense vary, alter or amend the terms of the master policy or of the amendment but constitute the means by which the amendment was made operative.

Their consideration by the court below in connection with the motions for summary judgment was entirely proper and was necessary to a decision of the questions raised by the motions. Such consideration does not, in our opinion, offend at all against the terms of Title 28, Section 75, Alabama Code of 1940, and its action based upon them was proper whether said code section is applicable to group policies or not.

The petition for rehearing is, therefore, granted only as to that portion of the opinion providing that the case was "remanded for entry of judgment in favor of appellee for $5,000.00," and the order entered pursuant thereto is vacated. The judgment of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Petition for rehearing granted in part and in part denied.

RIVES, Chief Judge (concurring in part and dissenting in part).

With commendable candor the appellant's counsel has I think, confessed by letter that the Court erred in favor of his client in the respect to which the petition for rehearing is granted, and of course, to that extent, I concur. Tentatively, however, I think that the rehearing should be further granted in toto, and that the judgment of the district court should be affirmed.

At the present juncture, I would have the Court request counsel to submit additional briefs on substantially the following questions:

1. Just what papers constitute the contract of insurance sued on? Does not the contract itself provide in effect that it consists of the group policy which became effective on July 1, 1953, of the amendment to that policy dated September 6, 1957, of the applications of the Trustee for the group policy and for the amendment thereto, and of the individual applications of the employees insured; and, further, that the certificates delivered to each insured employee, together with any riders to be attached to such certificates, do not constitute a part of the contract of insurance?

2. In view of the pertinent provision of Alabama Code of 1940, Title 28, Sec. 75, quoted in the margin,[1] can the courts properly give the insurer the benefit of any provision not "plainly expressed in the policy?" Is not the last sentence of the quotation in the marginal footnote[2] inadvertently too broad, and should not that language be restricted to the holdings of the cases cited in the preceding sentence; that is, that the statute as applied to group policies permits (unless excluded by the terms of the particular contract) consideration of the group policy, of the individual certificate, and of the applications for such policy and for such certificate?

3. Considering those matters only which we are permitted to consider, and excluding those excluded either by the policy itself or by the Alabama statute, is it not clear that, although the new "program" or "plan" became effective June 1, 1957, the increased coverage of any eligible employee whose employer elected to come under the new plan *prior to June 1, 1957*, became effective on the date of such election, provided such employee was actively at work on that date?

I concur in the granting of the petition for rehearing in part, but respectfully dissent from its partial denial, and think that the rehearing should be granted in toto.

1. "No life nor any other insurance company nor any agent thereof shall make any contract of insurance or agreement as to policy contract other than is plainly expressed in the policy issued thereon * * *."

For cases construing that statute see Manhattan Life Ins. Co. v. Verneuille, 1908, 156 Ala. 592, 47 So. 72, 74; Mutual Life Ins. Co. v. Allen, 1909, 166 Ala. 159, 51 So. 877, 879, 880; Empire Life Ins. Co. v. Gee, 1911, 171 Ala. 435, 55 So. 166, 167.

2. " * * * In support of his position the appellant cites Page v. Prudential Ins. Co. of America, 231 Ala. 405, 165 So. 388; Life Ins. Co. of Virginia v. Hanback, 250 Ala. 643, 35 So.2d 696; All States Life Ins. Co. v. Steward, 242 Ala. 258, 5 So. 2d 784. As to these cases, we think it sufficient to observe that they all deal with group policies and this court has consistently held that the provisions of § 8371, Code 1923, have no application to such policies." Alldredge v. Security Life & Trust Company, 1956, 265 Ala. 470, 92 So.2d 26, 29.