**EQUITABLE LIFE ASSUR. SOC. v. HILL.**

6 Div. 699.

Supreme Court of Alabama.

March 21, 1935.

Appellant's Rehearing Denied and Appellee's Rehearing Granted June 4, 1935.

Howze & Brown, of Birmingham, for appellant.

Lange, Simpson & Brantley and W. P. Rutledge, all of Birmingham, for appellee.

FOSTER, Justice.

This suit is for permanent disability benefits contained in a life insurance policy.

A proper construction of the policy sued on is the sole question counsel argued on this appeal. The facts material to that question were found for plaintiff, and they are not here controverted.

The premium was due and unpaid January 2, 1933, but there was a clause for thirty-one days of grace. Within that time, and while the policy was in force on account of the grace period, and on February 1, 1933, he was injured by poison gas discharged from his car while it was running, and while he was seated in it in his garage. The provisions of the policy which control the situation are as follows:

"(A) Disability is total when it prevents the insured from engaging in any occupation or performing any work for compensation of financial value, and

"(B) Total disability is presumably permanent only under the circumstances and from the date (herein called the effective date), as follows: (1) When due proof is received by the Society that it will presumably exist continuously during the remainder of the insured's life—then from the date upon which such proof is received by the Society; or, (2) When it has existed continuously for three months—then from the date of the expiration of such three months. * * *

"It is agreed that when total disability has existed continuously for three months, it will be regarded by the Society as presumably permanent from the date of completion of one month of continuous total disability (herein called the effective date), notwithstanding sub-paragraph (2) of paragraph (3) of the provision for total and permanent disability benefits.

"Upon receipt of due proof before the expiration of one year after default in the payment of premium * * * that the insured, while this policy was in force, became totally and presumably permanently disabled as above defined, due to bodily injury or disease;

"(1) Before the anniversary of the register date of this policy upon which the insured's age at the nearest birthday is sixty years, the Society will (a) Waive payment of all premiums falling due upon this policy, after the effective date of such disability and during its continuance; (b) Pay to the insured a monthly disability income as stated on the first page hereof from the effective date of such disability; the first payment to be made upon receipt of such proof and subsequent payments to be made monthly thereafter during the continuance of such disability" * * *

We have had no case to come before us with a policy exactly the same as this in language or legal effect. But our cases settle propositions having some similarity. (1) If the policy provides that the proof of disability must be furnished while it is in force, that requirement is a condition precedent. McCutcheon v. All States Life Ins. Co. (Ala. Sup.) 158 So. 729; Equitable Life Assurance Society v. Dorriety (Ala. Sup.) 157 So. 59; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; New England Mut. Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075.

(2) If it provides for benefits upon the existence of the disability while the policy is in force, payable when proof is furnished, its existence while in force is the condition precedent, proof is not a condition to the liability, and may be made after the policy lapses, but within a reasonable time and before suit is begun. Prudential Ins. Co. v. Gray (Ala. Sup.) 159 So. 265.

In the instant case, accrual of liability occurs upon the furnishing of proof within one year after default. It is contended by appellant that not only the existence of total disability must occur while the policy is in force, but it must also be presumably permanent while it is in force, as that term is defined in the policy. Clause B–2, as amended, seems to mean that the effective date of such presumed permanency is the day of the completion of one month of continuous total disability, provided such disability shall exist for three months. But that is not the only clause in the policy which fixes the effective date of the presumably permanent disability. Clause B–1 cannot be overlooked in that connection. Effect must be given to both clauses (1) and (2) of B, and not to either alone.

Clause B (1) must also be construed in connection with that under the heading "Bene-

fits": "Upon receipt of due proof before the expiration of one year after default in the payment of premium * * * that the insured while this policy was in force became totally and presumably permanently disabled as above defined." But B (1) is to the effect that the disability is "presumably permanent when due proof is received by the society that it will presumably exist continuously during the remainder of the insured's life, then from the date on which such proof is made."

Those provisions look like reasoning in a circle, and are inconsistent under the circumstances of this suit. When strictly construed, they seem to imply that the proof may be made in a year after there is default, and though the policy is not in force, and that the effective date of the disability then is when the proof is made, but that such effective date must be while the policy is in force. This could not be when default occurred as here, unless the proof be made in one month after the beginning of disability, and yet practically a year thereafter is allowed by the policy. We have no help from other cases to construe that condition. It must be construed against the insurer when it is ambiguous, or its provisions are inconsistent, and that construction is rational.

We agree with the circuit court that if the disability is shown by the proof submitted and on the trial to be total and permanent in the judgment of the court trying without a jury, and such conditions and symptoms occurred while the policy was in force and due proof was made and submitted within one year after default, plaintiff was due to recover. The court found those facts to exist, and that finding is not challenged. Plaintiff was therefore due to have judgment. Judgment was rendered for eight installments of $50 each, beginning March 1, 1933.

The complaint alleges that under the policy the first payment was due June 16th, which is the date on which the proof was furnished. Plaintiff thereby interpreted the contract to mean that such was the effective date of the disability for the purpose of fixing the beginning of benefit payments. The court construed the effective date as that after one month had expired from the date of the beginning of disability on March 1, 1933, and rendered judgment for eight installments beginning on that date. If the date on which benefits begin to run is June 16th, judgment should be for five installments, since suit was begun on October 17th. If we are disposed to agree with the judge of the trial court in his interpretation of the contract in this respect, we could not permit a judgment to be affirmed without correction for the full amount of the eight installments because they are not claimed in the complaint. We need not therefore express an opinion on that question.

Since the suit was tried by the judge without a jury, we have a right to render such judgment as the lower court should have rendered. Section 8599, Code. The judgment is therefore corrected, so that it will be for $250, and interest on each of five installments of $50 monthly from June 16, 1933, to the present date, and affirmed as thus corrected.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

By the terms of the policy, monthly disability payments do not begin until due proof is made. Such proof is necessary whether the "effective date" is reckoned under b(1) or b(2), supra, as amended by the clause added as a rider. The amount to be paid depends upon the "effective date" of disability. The proofs may show b(1) that the total disability will presumably continue during the remainder of his life, or b(2) that it has continued for three months. By a stipulation added as a rider to the policy, it is provided: "That when total disability has existed continuously for three months, it will be regarded by the society as presumably permanent from the date of completion of one month of continuous total disability, (herein called the effective date), notwithstanding sub-paragraph two of paragraph b."

Construing them all together, including the added clause, it is apparent to us that if the total disability has continued for three months when the proofs are made, the "effective date" is the day of the completion of one month of such total disability, but payment shall not begin until proofs are submitted. But if insured wishes, he may by submitting proofs within three months after disability begins, show that his disability is such as that it will probably continue throughout his life, and thereby cause the effective date to be fixed without waiting the expiration of three months. In that event, it is the date on which proof is submitted, and not the expiration of one month from the beginning of disability. The first payment shall be made

when the proof is furnished, but may be computed from the effective date. If the proof is not furnished until the expiration of three months of continued disability, the amount is computed from the date of the expiration of one month of disability. If the proof is furnished within three months, the first payment is one monthly installment then payable. If the proof is furnished within three months it must be sufficient to show that it will probably continue throughout life. If it is made after three months of continuous disability, that fact alone supplies its presumed permanency. But by express stipulation in no event shall payments continue after the disability is removed.

But proof may be made within one year after default, "that the insured, while this policy was in force, became totally and presumably permanently disabled." The term "presumably permanently disabled" as there used could not possibly mean the same thing as the "effective date" of such disability under clause b(1), and therefore presumably not so under clause b(2), as amended. Therefore, the requirement that the proof must show that he became "totally and presumably permanently disabled" while the policy was in force, cannot mean that the "effective date" of such permanent disability must be while the policy is in force, for that would create a contradiction in terms; though such is what it seems to stipulate. So that we abide by our former construction of those provisions that "if the disability is shown by the proof submitted and on the trial to be total and permanent in the judgment of the court trying without a jury, and such conditions occurred while the policy was in force, and due proof was made and submitted within one year after default, plaintiff is due to recover."

It was agreed that due proof was furnished June 10, 1933 (transcript, p. 12), within one year after default. The premium was due but not paid, on January 2, 1933, but 31 days of grace were allowed, which extended it to February 2, 1933. Plaintiff was injured on February 1, 1933; so that there was no default when the injury occurred and the policy was then in full force. The proof was furnished after the expiration of three months of total disability, so that the "effective date" on which the amount due to be paid upon the receipt of proof should be computed was one month after February 1st. This is by the express terms of the rider attached to the policy.

It is clear, therefore, that the trial court correctly fixed the date from which the amount payable should be computed. The parties have, since this court acted, made a written agreement that the complaint be treated as amended so as to claim the amount for which judgment was rendered by the trial court. We think that the judgment was for the correct amount; so that the judgment is now affirmed without any correction.

The application of appellant is overruled; that of appellee to modify our former judgment is granted, and it is so ordered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.