165 So. 221

**BLACK v. TRAVELERS INS. CO.**

6 Div. 800.

Supreme Court of Alabama.

Jan. 16, 1936.

Taylor & Higgins, of Birmingham, for appellant.

Douglas Arant, J. E. Thornton, and Bradley, Baldwin, All & White, all of Birmingham, for appellee.

FOSTER, Justice.

This is an action for death benefits on a group policy of insurance. The insured was an employee of a subsidiary of the Dinkler Hotels Company, Inc., and the insurance, by the terms of the policy, was to terminate when the employment ended, but with the proviso that, if the employee shall at that time "be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit * * * the insurance will remain in force as to such employee during the continuance of such disability for the period of three months from the date upon which the employee ceased to work and thereafter during the continuance of such disability and while the policy shall remain in force until the employer shall notify the company to terminate the insurance as to such employee." See 55 A.L.R. p. 1245 et seq., note.

Insured ceased to be so employed on October 11, 1931. There is evidence from which it could be found by the jury that she was then wholly disabled by disease from engaging in any occupation or employment for wage or profit. The policy was then in force, and continued so until April 26, 1932, when she died, having been continuously so disabled.

On November 16, 1931, the employer notified defendant by letter to issue cancellation on this employee, referring to the insured here mentioned by name and the number of her certificate. It is not controverted by counsel for either party that,

if the jury found those facts to exist, the insurance continued for at least three months after October 11, 1931, and thereafter until the employer shall notify the company to terminate the insurance as to her.

But appellant's contention is that such notice may not be given until the expiration of three months; and appellee contends that it may be given within the three months to be effective at the expiration of that period or at such time thereafter as may be designated by the employer. Briefs of counsel concur in the opinion that the rights of the parties are dependent upon that question. The trial court accepted appellee's contention, and we think was correct in doing so.

[1] We think the principle is sound that, when not forbidden by law or the terms of the contract, a person has the right to do a thing in the future, without condition or qualification, and that right continues up to and including the time in the future when it is sought to be effectual; it may be done before that date arrives to be effective when it does arrive. This principle is illustrated in our case of Oberhaus v. State, 173 Ala. 483, 498, 55 So. 898, and expressly applied to the situation here involved, Baker v. Travelers' Ins. Co., 202 N.C. 432, 163 S.E. 110, and to an analogous one in Davis v. Metropolitan Ins. Co., 161 Tenn. 655, 32 S.W.(2d) 1034.

We find nothing to the contrary in Travelers' Ins. Co. v. Conine, 37 Ga.App. 500, 140 S.E. 784.

But the cases of Johnson v. Travelers' Ins. Co. (Ga.App.) 180 S.E. 387, and Travelers' Ins. Co. v. Sanders, 47 Ga.App. 327, 170 S.E. 387, seem to proceed upon a different idea as to the meaning of this clause, and in line with appellant's contention. But we do not find where these cases, or the principle in question, were considered by the Supreme Court of Georgia, and we cannot concur in what the Court of Appeals of that state seems to think the contract means in this respect.

It is also noted that on November 16, 1931, when the cancellation notice was given, it did not in terms apply to the date of the expiration of the three months' period nor thereafter, but purported to operate in the present, when its operation could only be effective at a future time, assuming that the employee was disabled and continued so as is contended.

[2] The rule is well settled in this and other jurisdictions, that, when the notice declares that the cancellation is presently operative, or fixes a time shorter than that prescribed, where the policy requires a certain number of days' notice, it becomes effective at the expiration of the prescribed period. Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 96 So. 250; 32 Corpus Juris, 1249, 1250, § 437, note 18; 35 A.L.R. p. 899 et seq., note.

[3] We think that the provision in the policy that its liability may continue for three months, and "until the employer shall notify the company to terminate the insurance as to such employee," does not mean that the notice may not be given during those three months. The term "until" means, we think, the time fixed by the notice in words or effect to be after the expiration of the three months' period, but no such requirement is properly inferred as to the time when the notice shall be given. Undoubtedly the employer could have terminated the coverage by notice effective immediately upon the expiration of that period. But for practical purposes this could hardly be accomplished by a notice given instantly when that time arrived. We think that the notice could have been given before that time, declaring that it would then be terminated. Under the principle of our Wood Case, supra, and many others cited in the notes to Corpus Juris and A.L.R., supra, the notice would have that operation when it purports to be effective at once, but, under the policy, it cannot be so until the expiration of the three months' term, provided, of course, the right to cancel existed at the time when such term expired.

It results that we agree with the trial court that, taking the evidence in its most favorable aspect to appellant, she should not recover, and the affirmative charge was properly given for defendant, in our opinion.

The other assignments of error do not affect that question.

The judgment of the circuit court is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.