THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE
UNITED STATES *v.* NEFF ET AL.

[No. 15,410. Filed October 13, 1937.]

*Fesler, Elam, Young & Fauvre* and *J. R. Emshwiller*, for appellant.

*O. A. Pursley*, for appellees.

BRIDWELL, C. J.—Appellant issued to appellee Glen L. Neff a life insurance policy containing provisions for the payment of disability benefits under certain conditions, and wherein appellee Anna D. Neff was named as death beneficiary. This policy lapsed for non-payment of premiums. and was thereafter reinstated upon ap-

plication of the insured. Following the reinstatement of the policy appellant brought its action to rescind the reinstatement of said policy on the ground that said reinstatement had been fraudulently obtained. Appellees Glen L. Neff and Anna D. Neff filed answer of general denial to the complaint. Appellee Glen L. Neff also filed his cross-complaint seeking recovery of disability benefits under the provisions of the policy involved. To the cross-complaint appellant filed an answer in two paragraphs, the first a general denial, the second averring the lapse of the policy, its reinstatement obtained by fraud, and the rescission of said reinstatement by reason of said fraud. Appellee Glen L. Neff's reply in general denial to the second paragraph of appellant's answer to the cross-complaint closed the issues. The cause was submitted to the court for trial and upon proper request therefor the court made and filed its special finding of facts and stated conclusions of law thereon. The finding was in favor of appellant on its complaint and in favor of appellee Glen L. Neff on his cross-complaint. Conclusions of law were in accordance with the finding. Appellant duly excepted to the second conclusion of law, which is as follows:

> "The defendant is entitled to recover upon his cross-complaint and to have judgment against the plaintiff under his said policy of life insurance number 7718904 in the sum of $188.00, the amount due on said policy as monthly disability income from and including the 20th day of November, 1931, to and including the 14th day of June, 1933, and to have judgment for his costs laid out and expended on the cross-complaint herein."

Judgment in accordance with the finding and conclusions of law followed. Appellant thereafter duly filed its motion for a new trial alleging as causes therefor that the decision of the court on the issues made on the cross-complaint is not sustained by the evidence; that

such decision is contrary to law; and that certain findings in the special finding of facts, each of which is designated by its number in said finding, are not sustained by the evidence. This motion was overruled, appellant excepted, and prosecutes this appeal assigning as errors that the court erred in overruling its motion for a new trial and in its conclusion of law numbered 2 upon the special finding of facts.

After the rendition of judgment, and pending appeal, appellant filed petition in the court below for the appointment of a guardian ad litem for appellee Glen L. Neff because of his having been adjudged of unsound mind and confined in a hospital for the insane, and such proceedings were had as resulted in the appointment of O. A. Pursley as such guardian and in such capacity he is one of the appellees herein.

No question is raised on this appeal concerning the decision and judgment herein insofar as they relate to the issues formed on the complaint. Appellant's contention is that under the provisions of the insurance policy and certain facts found by the court to be true, and for the purpose of this appeal conceded by the parties to have been proven by the evidence, there was no right of recovery on the issues formed on the cross-complaint of appellee Glen L. Neff.

The insurance policy involved was issued June 14, 1929. The premiums were payable quarterly on the 14th day of September, December, March, and June, thereafter. All premiums were paid up to but not including the one due December 14, 1931, which premium was not paid when due nor within 31 days after the due date, the period of grace allowed by the policy.

The provisions of the policy, insofar as they are applicable to and involved in this controversy, are as follows:

"GRACE. A grace of thirty-one days will be

granted for the payment of every premium after the first, during which period the insurance hereunder shall continue in force. . . .

"LAPSE AND REINSTATEMENT. Failure to pay any premium on or before the day on which it falls due shall constitute a default hereunder. Upon default this policy shall lapse and the insurance herein cease, except as stated in the provisions hereof entitled 'Grace' and 'Options on Surrender or Lapse,' . . .

"TOTAL AND· PERMANENT DISABILITY. Upon receipt of due proof before the expiration of one year after default in the payment of premium, . . ., that the insured, while said policy and these Disability and Double Indemnity provisions were both in force, became totally and presumably permanently disabled as hereinafter defined due to bodily injury or disease:

"DISABILITY BEFORE 60 (1) Before the anniversary of the Register date of said policy upon which the Insured's age at nearest birthday is 60 years, the society will

" (a) Waive payment of all premiums upon said policy and all additional premiums for these Disability and Double Indemnity provisions falling due after the Effective Date of such Disability and during its continuance.

" (b) Pay to the insured a monthly disability income of Ten Dollars a month from the Effective Date of such disability; the first payment to be made upon receipt of such proof and subsequent payments to be made monthly thereafter during the continuance of such disability . . .

"DEFINITION: For the purpose of this provision:

" (A) Disability is total when it prevents the Insured from engaging in any occupation or performing any work for compensation of financial value, and

" (B) Total Disability is presumably permanent only under the circumstances and from the date (herein called the Effective Date) as follows: (1) When due proof is received by the Society that it will presumably exist continuously during the remainder of the Insured's life—then from the date upon which such proof is received by the Society;

or, (2) When it has existed continuously for three months—then from the date of completion of one month of such continuous Total Disability; or, (3) . . .

&ast; &ast; &ast; &ast;

"These Disability and Double Indemnity provisions and all rights of the insured hereunder shall forthwith terminate if any premium on said policy or any additional premium payable for these Disability and Double Indemnity provisions is not paid on its due date or within the days of grace unless waived in accordance with the Disability provision, or if the insurance under said policy shall cease for any other reason. . . ."

There is evidence to prove and the court found "that the total disability of . . . Glen L. Neff began on the 20th day of October, 1931, and continued continuously to and including . . . the date of the trial of this cause . . . and on date of said trial herein said total disability was and is presumably permanent"; that the disability claim was filed with appellant on July 13, 1932, before the expiration of one year after default in the payment of premium due December 14, 1931.

Appellant specifically contends that not only must total disability occur while the policy is in force, but that such disability must also become presumably permanent within the meaning of that phrase as used in the policy while the policy is in force; that because of failure to pay the premium due December 14, 1931, or within 31 days thereafter, the policy lapsed and terminated January 14, 1932, and before total disability had existed continuously for three months from the time of its beginning on October 20, 1931; that therefore there is and was no liability.

Appellees contend that the effective date as it relates to the liability of appellant to pay disability benefits was not three months from the beginning of total disability, but one month thereafter; that since the evidence

proves and the court found that total disability started on October 20, 1931, and existed continuously thereafter for more than three months it became presumably permanent, and therefore the effective date was November 20, 1931, one month after the disability started, at which time the policy was in full force and effect; that the policy did not lapse prior to January 14, 1932; that proof of total disability which had become presumably permanent was furnished to appellant before the expiration of one year after default in the payment of the premium due December 14, 1931, and that since disability occurred during the life of the policy, and the effective date of such disability as fixed by the policy was before the date it lapsed, there is a right to recovery.

We find no provision of the policy that expressly and clearly covers the controversy in the instant case. While clause "B" under the heading "DEFINITION" deals with the subject-matter, its meaning, when considered with other provisions, especially those dealing with the question of waiver of payment of premiums under certain conditions, is not clear and explicit but ambiguous and subject to construction.

It is without dispute that one of the inducements for securing a policy of this character is protection against disability. Let us suppose that total disability occurs while such a policy is in force, and continues for two months and two weeks from the date of its beginning, then results in death. Would it be reasonable in the absence of a clear expression in the contract so providing to hold that there could be no recovery because such total disability had not become presumably permanent by continuing three months, even though as a matter of fact it was actually permanent until death? Such a holding would make the disability benefit features of the policy ineffective to accomplish the purpose for which the insured had paid premiums from the time of the

issuance of the policy. It seems evident that actual total disability is the condition for which the insurer obligates itself to pay and from which the insured seeks protection. If such total disability continued for three months while the policy was in force, and thereafter ceased to exist, it could not logically be contended, nor could it reasonably be held that the insurer would be obligated to continue to pay disability benefits because of the provision that any such disability should be presumably permanent if it was continuous for three months, if in fact such disability terminated after such period of time had elapsed. Had death instead of disability occurred while the policy was in force it is not likely that any question would be raised as to the right of the death beneficiary to recover. Why should a different rule be applied when a disability is sustained which renders the insured totally and presumably permanently disabled.

It is well settled that where the terms of a policy are of a doubtful meaning that construction most favorable to the insured will be adopted. In the instant case proof submitted upon the trial of the cause shows that total disability started while the policy was in force; that it was continuous from its commencement until the trial was had, more than a year from its inception; that the policy was effective on the date that the right to payments for disability would accrue in the event such disability proved to be presumably permanent; and that due proof was made and submitted within one year after default in the payment of the premium due. Under such a state of the record we conclude that the trial court did not err in its second conclusion of law, nor in overruling appellant's motion for a new trial. For cases bearing upon the subject-matter and supporting the conclusion here reached, see *Equitable Life Assurance Society* v.

*Hill* (1935), 230 Ala. 505, 161 So. 800; *Minn. Mutual Life Insurance Co.* v. *Marshall* (1928), 29 Fed. (2d) 977.

The judgment is affirmed.