182 So. 35

**METROPOLITAN LIFE INS. CO. v. PHILLIPS.**

**1 Div. 983.**

Supreme Court of Alabama.

June 9, 1938.

Joseph C. Sullivan, Jr., and Geo. A. Sossaman, both of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

260

BOULDIN, Justice.

This court has, in recent cases, carefully considered provisions in policies of life insurance for the payment of Total and Permanent Disability Benefits, with special reference to furnishing to the insured proofs of disability as a condition precedent to liability.·

■ If the policy "provides for benefits upon the existence of the disability while the policy is in force, payable when proof is furnished, its existence while in force is the condition precedent, proof is not a condition to the liability, and may be made after the policy lapses, but within a reasonable time and before suit is begun. Prudential Ins. Co. v. Gray [230 Ala. 1], 159 So. 265." Equitable Life Assur. Soc. v. Hill, 230 Ala. 505, 161 So. 800, 801.

■ If by express provision of the policy the obligation to pay such benefits· is made to depend upon the submission of proofs of disability while the policy is in force, such proof is a condition precedent to liability. Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248; Equitable Life Assur. Soc. v. Dorriety, 229 Ala. 352, 157 So. 59; McCutchen v. All States Life Ins. Co., 229 Ala. 616, 158 So. 729; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; New England Mutual Life. Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A.L.R. 1075; Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818.

The provision for total and permanent disability benefits in the certificate issued to the insured employee pursuant to the group policy in the instant case reads:

"Total and Permanent Disability Benefits.

"Any employee shall be considered as totally and permanently disabled who furnishes due proof that, as a result of bodily injury suffered or disease contracted while his insurance was in force and prior to his sixtieth birthday, he is permanently, continuously and wholly prevented thereby from performing any work for compensation or profit.

"Upon receipt of due proof of such disability, the Metropolitan Life Insurance Company will pay to such employee, in lieu of the payment at death of the said insurance on the life of such employee, equal monthly instalments based on the amount of insurance in force on such employee at the date of receipt of proof of such disability, as shown in the following table:

| Amount of Insurance | Number of Monthly Instalments | Amount of each Instalment |
|---|---|---|
| 1,000.00 | 20 | 51.04" |

The master policy reads to like effect. The obligation to pay is expressly limited to the "amount of Insurance in force on such employee at the date of receipt of proof of such disability."

■ Quite clearly the case is governed by the line of cases last above cited. The furnishing of proofs was not merely the event upon which payments should begin, but proof·while the policy was in force is, by this policy, a condition precedent to liability for benefits.

We need not again review the authorities or ·restate the reasons upon which the rule is grounded.

■ The employment of plaintiff finally terminated and his life policy ceased to be in force in April, or at latest in September, 1930. Proof of disability, made ·in March, 1936, not only failed to comply with the condition of this policy as above stated, but was not within a reasonable time in cases governed by decisions first above cited. Provident Life & Accident Ins. Co. v. Heidelberg, 228 Ala. 682, 154 So. 809.

■ The insistence of appellee that the record discloses proof of such disability, made in May, 1930, we do not find evidence to support.

That the same employee did, in 1930, furnish proof under another and different group policy providing for sick benefits, that such proof was· approved and sick benefits paid until such time as the insurer discontinued same on the alleged ground that the disability had ceased, was no compliance with the terms of this policy· touching proof of total permanent disability. The character of disability under the two policies was different.

Cases holding one proof of death sufficient where the insured had more than one life policy, such as Girard, etc., Co. v. Mutual, etc., Co., 97 Pa. 15, are not analogous.

The rulings of the trial court were out of line with the law as declared in this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.