## HABEL v. TRAVELERS INS. CO. OF HARTFORD, CONN.

### No. 9395.

Circuit Court of Appeals, Fifth Circuit.

Jan. 29, 1941.

Andrew W. Griffin and Hugh A. Locke, both of Birmingham, Ala., for appellant.

Douglas Arant and William H. Forlines, Jr., both of Birmingham, Ala., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a summary judgment, entered under the provisions of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which finally disposed of the entire case. It was submitted on the pleadings and a stipulation as to the facts, which provided that either party might offer additional evidence but no additional evidence was tendered.

Somewhat briefly stated, the material facts are these. Frederick Christian Habel was an employee of the Great Atlantic and Pacific Tea Co. and was covered by a

policy of group insurance issued to that company by appellee. Two certificates were issued to Habel in connection with the policy, each for $10,000. Habel's employment was terminated November 30, 1936. On December 10, 1936, the employer wrote a letter to the insurer cancelling the insurance as to Habel and enclosing his group insurance record card, which showed the termination of the insurance because Habel had left his employment, but saying nothing about his being disabled. Thereafter no premiums were paid on the policy by anybody.

The policy provided for a grace period of 31 days for the payment of premiums and also contained the following provisions:

"1. Permanent Total Disability Benefit. —If any Employee shall furnish the Company with due proof that while insured under this policy and before having attained the age of sixty, he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive further payment of premium as to such Employee and pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of such disability, in a fixed number of instalments chosen by the Employer from the table in the paragraph entitled 'Modes of Settlement', the first instalment to be paid immediately upon receipt of due proofs of such disability. Any instalments remaining unpaid at the death of the Employee shall be payable as they become due to the beneficiary designated by such Employee. Such remaining instalments may be commuted into one sum on the basis of interest at the rate of three and one-half per cent per annum."

"3. Employee's Individual Certificate.— The Company will issue to the Employer for delivery to each Employee whose life is insured hereunder an individual certificate setting forth a statement as to the insurance protection to which he is entitled, to whom payable, and containing provision to the effect that in case of the termination of the employment for any reason whatsoever the Employee shall be entitled to have issued to him by the Company without further evidence of insurability, and upon application made to the Company within thirty-one days after such termination and upon the payment of the premium applicable to the class of risks to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance, in any one of the forms customarily issued by the Company, except term insurance, with permanent total disability equivalent to that provided hereunder, in an amount equal to the amount of the Employee's protection under this policy at the time of the termination of his employment."

"5. Termination of Insurance.—The insurance of any Employee covered hereunder shall end when his employment with the Employer shall end except in a case where at the time of such termination the Employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit. In such case the insurance will remain in force as to such Employee during the continuance of such disability for the period of three months from the date upon which the Employee ceased to work and thereafter during the continuance of such disability and while this policy shall remain in force until the Employer shall notify the Company to terminate the insurance as to such Employee. Nothing in this paragraph contained shall limit or extend the Permanent Total Disability Benefit to which an Employee shall become entitled under this policy."

On receipt of the letter from the employer, cancelling the insurance, appellee wrote to Habel on December 11, calling his attention to the fact that he had until December 31, 1936, in which to convert his group insurance into an individual policy, as provided by the provisions of the master policy quoted above. Nothing further was done about the insurance until after the death of Habel, which occurred on October 9, 1938, before he had reached the age of sixty, and nearly two years after the policy was cancelled by the employer. On November 19th, Mr. Locke, attorney for appellant, wrote appellee, notifying it of the death of Habel and asking that the necessary forms for filing proof of death be sent to him and, in the event that appellee denied liability for any reason, especially for failure to pay premiums in recent years, to send all necessary papers and instructions to file proof of total and permanent disability. On January 3, 1939, appellee replied to the letter of Mr. Locke

denying liability and reserving to itself all defense to any claim in connection therewith. In due course this suit was brought by appellant, Miriam Isabel Habel, the widow and beneficiary, to recover $20,000. It is not disputed that Habel was totally and permanently disabled when his employment ended.

Appellant contends that she is not suing on the death claim but is suing for the unpaid instalments under the disability provisions of the policy. It is argued that the policy matured by the total and permanent disability of Habel at the time his employment ceased, up to which date the policy was in force by the payment of premiums, and that proof of disability could be made at any time thereafter or on the trial of the case.

There are conflicting decisions, some tending to support appellant's theory, but most of them may be reconciled by reference to the facts in the particular case. As the case is governed by the law of Alabama, we will confine ourselves to the consideration of the Alabama decisions we consider controlling.

In Black v. Travelers Ins. Co., 231 Ala. 415, 165 So. 221, and Metropolitan Life Ins. Co. v. Phillips, 236 Ala. 259, 182 So. 35, which construed policies similar to the one in suit, it was held that the policy lapsed at the end of three months after the employment ended, if the employer had notified the insurer of cancellation before that day; that the furnishing of proof of disability while the policy was in force was a condition precedent to establishing liability; and that the employee, although totally and permanently disabled when the employment terminated, could not recover unless proof had been furnished, in compliance with the terms of the policy, while it was in force.

Appellant relies principally upon Prudential Ins. Co. v. Gray, 230 Ala. 1, 159 So. 265, in which it was held that where the policy provides the claim for disability arises when disability occurs but the cause of action does not accrue until proof of disability is furnished, delay in furnishing proof until after default of payment of premiums will not cut off the claim, if the proof is furnished within a reasonable time. In that case provisions of the policy under consideration are not clearly shown in the opinion but it is apparent they were different to those in the policy in suit. That case is not in point.

We consider it immaterial whether the claim is made for death or to recover past due instalments under the disability clause. In either case, to establish liability it was necessary to furnish proof of disability while the policy was in force. In this case the policy had lapsed and ceased to cover Habel as proof of disability was not tendered while the policy was alive as to him.

The judgment is affirmed.