LUCY BRANDON JOHNSON v. THE TRAVELERS INSURANCE COMPANY.— 194 S. W. (2d) 938.

Kansas City Court of Appeals. May 13, 1946.

R. C. *Southall* and W. B. *Ennis* for appellant.

*Clay C. Rogers,* and *Mosman, Rogers, Bell & Conrad* for respondent.

BLAND, P. J.—This is an action for death benefits under a group policy of life and disability insurance. The case was tried before the court, without the aid of a jury, resulting in a judgment for the defendant. Plaintiff has appealed.

The facts disclose that in February 1926, the defendant (hereinafter called the insurer), issued a group policy of insurance to the Cudahy Packing Company (hereinafter called the employer), by the terms of wihch it insured the employees thereof. Among such employees was one Burl Whitfield (hereinafter referred to as the employee),

who was issued a certificate of insurance, promising to pay the plaintiff, the beneficiary, the sum of $1000, in the event of his death while such insurance was in force. It was provided in the group policy that the insurance was to terminate when the employment ended, "except in a case where at the time of such termination the Employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit. In such case the insurance will remain in force as to such Employee during the continuance of such disability for the period of three months from the date upon which the Employee ceased to work and thereafter during the continuance of such disability and while this policy shall remain in force until the Employer shall notify the Company to terminate the insurance as to such Employee. Nothing in this paragraph contained shall limit or extend the Permanent Disability Benefits to which the Employee shall become entitled under this policy".

The employee was retired on a pension by the employer on September 30, 1932. He was then 68 years of age. It is admitted that, at that time, his employment with the employer terminated. He died on March 25, 1941. There was evidence tending to show that, between those dates, he was wholly disabled and prevented by disease from engaging in any gainful occupation, and the trial court so found.

In the monthly report made by the employer to the insurer (required by the provisions of the master policy) and dated October 11, 1932, under the heading "Termination—September 1932", appears, among a great many other names, that of "Burl Whitfield"; and in connection therewith the words: "Cert. No. 1936 Date 9-30-32 Reason L. C. Class 1A Amount of Insurance $1000". (The letters L. C. mean, Left Company.)

In her petition plaintiff admits that the employee terminated his employment with the employer in September 1932, and that it notified the insurer of such termination, but denied that this was a notification by the employer of the termination of the insurance, because the employee was disabled, etc., at the time he terminated his employment and, because notice was not given the insurer by the employer subsequent to the expiration of 90 days after the termination of his employment.

It is insisted by the plaintiff that the court erred in finding the issues for the insurer. In this connection it is contended that the policy provides that, in case of disability of the employee, the insurance shall continue so long as such disability lasts; that, at the time the employee left his employment he was disabled and at that time the insurance matured, and "there is no law or reasoning which provides for cancellation of a policy after the insurance matured". We think that the plaintiff misconceives the meaning of the policy provision in question. The policy provides for the discontinuance of

the insurance at the time the employee leaves his employment, with the proviso that it shall remain in effect for a period of three months from the date upon which the ''employee ceased work and thereafter during the continuance of such disability . . . until the employer shall notify the company to terminate the insurance as to such employee''. This is not a disability provision for the purpose of granting disability benefits to the employee, but it is a provision for the purpose of keeping the insurance alive, in case of disability, after the termination of the employment of the employee. In this connection the policy provides that the employee's insurance shall not expire so long as his disability shall continue for at least three months and there after, during the continuance, until the employer shall notify the company to terminate the insurance. There is a provision in the policy for disability payments to be made to any employee who becomes wholly disabled before having attained the age of 60 years. This clause provides that the insurer will waive future premiums, in such event, and pay, in installments, the full amount of the insurance on the life of such employee. The two provisions are unlike in their wording.

However, plaintiff contends that, under the terms of the policy, notice of the termination of the insurance could not be given to the insurer by the employer, even after the three months' period, if the disability continues to exist. In this connection plaintiff says that the proper construction of the policy provision in question is that, in case of disability of the employee, the insurance is to remain in force for three months after the termination of his employment without any notice given by the employer and thereafter, while the disability continues but that, at any time, after three months if, and when, the disability no longer exists, then, the employer is to notify the insurer of that fact. Such a construction is in the teeth of the plain language of the provision in question and would be out of harmony with the whole scheme providing for the continuance of the insurance. The policy first provides that when the employee's employment terminates the insurance shall terminate, but saves those employees who are suffering from disability for at least three months and thereafter until the employer shall notify the insurer, during the continuance of the disability. When the disability ceases the insurance automatically ceases, because it can continue only during the period of employment plus the period of disability. In other words, when the employee recovers from the disability, his insurance *ipso facto* is terminated because his disability no longer exists and he is no longer an employee. The policy provides that the employer shall pay premiums during the continuation of the insurance and the clause in question, no doubt, is meant to give the employer the privilege of terminating the insurance of a disabled employee at any time subsequent to the expiration of three months after the employment ter-

minates, although the employee may not have recovered at the time the notice is given. At any rate, under the plain provisions of the policy, the employer has the privilege of terminating the insurance any time after the expiration of the said three months' period of disability.

It is insisted that any notice sent by the employer to the insurer to terminate the insurance must have been sent after the expiration of the three months' period and not before it expired.

Under the policy an effective notice can be given before the expiration of the three months' period. [Black v. Travelers Ins. Co., 165 So. 221.] The notice in this instance was accepted by the insurer as a notice of the termination of the employee's insurance (6 Couch Cyc. Ins. Law, p. 5098; Malin v. Netherlands Ins. Co., 219 S. W. 143; 29 A. J., p. 1032). However, we are of the opinion that the notice given must be the one contemplated by the clause in question, and we find that no such notice was given in this case. The case was tried by the court and we arrive at our own conclusions as to the facts. [Anson v. Tietze, 190 S. W. (2d) 193; St. ex rel. Northwestern Mut. Life Ins. Co. v. Bland et al., 189 S. W. (2d) 542.] In the notice actually given the insurer in this case the name of the employee appears in a long list of employees whose employment had been terminated during the previous month. It does not purport to cover any employee whose employment had terminated at some prior date at which time he was disabled and the employer had concluded to terminate his insurance notwithstanding. There is no evidence that the employer was notified that the employee either was or claimed to be disabled.. It cannot be inferred from the evidence that the employer knew that the employee claimed to be disabled, but it is to be inferred that it acted on the assumption that he was not and, consequently, merely included his name among a long list of employees whose employment had then been terminated. So we need not pass upon the question as to what would have been the effect if the notice had been sent at a time when the employer knew of the disability. The employer had no right to terminate the insuance until after the employee had been disablied for three months, and the fact that the notice was given before the expiration of that period tends strongly, with the other facts, to show that it had no knowledge of his disability. There is an absence of any evidence that the employer intended to terminate the insurance under the clause in question at the time it gave the insurer the notice. It would be indulging in speculation to hold that if the employer had known of the employee's disability it would have given the notice, nevertheless. We conclude that the notice given was not the one contemplated by the policy provision in question. We do not have the benefit of any finding of the trial court upon the facts surrounding the giving of the notice in question because the court held, as a matter of law, that

the notice was sufficient to terminate the insurance notwithstanding the employee's disability. The trial court followed the case of Black v. Travelers Ins. Co., *supra.* That case lends much support to the conclusion reached by the trial court. However, it will be noted, in reading the opinion in that case, that the notice sent the insurer by the employer is not quoted but is merely described as a "letter to issue cancellation on the employee, referring to the insured here mentioned by name and the number of his certificate". There is nothing stated in the opinion to the effect that the letter was written when the employer did not know of the disability of the employee. In the case at bar we have found that the employer did not know of the disability. However, if that case cannot be distinguished from this one, we cannot agree with its holding.

No doubt, if the employee in the case at bar had notified the employer of his disability it would not have taken the action it did in respect to sending the notice to the insurer and, while the notice was ineffective to accomplish the termination of the employee's insurance, nevertheless, his failure to notify the employer, in practical effect (we do not say as a matter of law) has resulted in the termination of his policy, for another reason. The policy provides for the payment of premiums (premiums are the life blood of insurance, 32 C. J., p. 1193), and it is not to be presumed that the insurer intends to carry insurance over any period without receiving payment therefor. While plaintiff insists that it is implicit in the clause in question that premiums are waived, during the continuance of the disability, we fail to find anything in the policy to substantiate such a claim. The clause certainly does not expressly provide for any waiver of premiums and, in this respect, is unlike the clause providing for waiver of premiums and the payment of disability benefits to employees becoming disabled before reaching the age of 60. To say that the clause in question contemplates the waiver of premiums, during the continuance of disability of the employee, would not be in harmony with the procedure provided in the clause. If no premiums were to be paid the employer would have no motive in terminating the insurance at any time, during the continuance of the disability, yet, the clause provides that it may so terminate it. No ordinarily decent employer would arbitraarily terminate the insurance of a disabled employee (or ex-employee). He would only do so because he had a motive consistent with the humanities. We conclude that the authority given the employer to terminate the insurance, while the employee is yet disabled, is to give the employer the election to continue to pay or not to pay the premiums on the employee's insurance after the expiration of three months from the termination of the employment. (Apparently premiums are waived during the first three months.) It is admitted that the employee paid no premiums on his insurance after the termination of his employment in September

1932. The employee had no insurance after that date because no premiums were paid therefor. [Williams v. Sun Life Assur. Co. of Canada, 148 S. W. (2d) 112; Crawford v. Met. Life Ins. Co., 167 S. W. (2d) 915, 924; Curd v. Travelers Ins. Co. (Ga.), 180 S. E. 249; 29 A. J., p. 1032.]

It is insisted by the plaintiff that the insurance could not be terminated without notice to the employee. The policy provides that, in case of termination of employment, the employee shall be entitled to have issued to him by the company without further evidence of insurability, etc., "a policy of life insurance, in any one of the forms customarily issued by the Company", etc., and that he must convert within 30 days. There is no evidence that the employee contributed any payment to the premiums paid in his individual policy, but it appears to be admitted by the pleadings that this is a fact but that he paid no part of any premium after the termination of his employment. (None was paid by anyone.) In connection with the point made by plaintiff she cites Butler v. Equit. Life Assur. Soc. of U. S., 93 S. W. (2d) 1019 and Nick v. Travelers Ins. Co., 185 S. W. (2d) 326. The latter case was decided by this court and the cause was transferred to the Supreme Court, and that court agreed with our conclusion in the matter. [See Nick v. Travelers Ins. Co., 189 S. W. (2d) 532.]

In the Butler case there was no termination of the employment and the clause in the master policy, under which the employee sought recovery, was eliminated by the execution of a new master policy without any notice to him. In the Nick case the employee was laid off, and it was held by the Supreme Court, l. c. 537, that he was entitled to notice from his employer that his employment had terminated before his insurance could be cancelled during the period that he was only temporarily laid off. In the case at bar it is admitted that the employee's employment was terminated on September 30, 1932, when he was retired on a pension. He had 30 days after the termination of his employment to avail himself of the conversion privilege. Of course, he knew that his employment was terminated and, consequently, had all the information regarding his rights that any notice could have given him. [29 A. J., p. 1030.] The Butler and Nick cases are not in point. In the former the employment was not terminated when the policy was cancelled, and in the Nick case, the employee had no knowledge of the termination of his employment. There is no merit in plaintiff's contention.

The judgment is affirmed. All concur.