Charles HAMPTON, Plaintiff-Respondent,

v.

**METROPOLITAN INSURANCE COMPANY, a corporation, Defendant-Appellant.**

No. 36320.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 16, 1975.

Michael A. Fisher, St. Louis, for defendant-appellant.

Stephen H. Gilmore, Clayton, for plaintiff-respondent.

DOWD, Judge.

This is an appeal by defendant from a judgment in favor of plaintiff for $1,376.00 for accident benefits allegedly due under a group insurance policy issued by the defendant. The plaintiff did not file a brief on appeal.

The Circuit Court considered the following stipulated facts, plus several exhibits. The plaintiff, a member of the United Auto Workers, was employed by General Motors at its St. Louis Chevrolet plant on November 13, 1958. A strike was in force at the St. Louis plant from April 10, 1969, through June 9, 1969, and plaintiff's last day of work before the strike was April 9, 1969.

Plaintiff was injured on June 7, 1969, while installing an air conditioner at his home, and was disabled from June 7, 1969, through October 24, 1969. Thus plaintiff's injury occurred while he was still on strike.

A group insurance policy was issued by defendant to General Motors. This policy provided for sickness and accident benefits for full-time hourly rate employees, but no premiums for sickness and accident benefits under the insurance policy were paid during the period of the strike.

Plaintiff filed a claim for accident bene-·fits under the group policy because of his disablement from June 7, 1969, through October 24, 1969. Defendant refused to pay because it said plaintiff was not covered by the policy at the time his disability commenced.

Defendant's first contention is that plaintiff was not insured for sickness and accident benefits at the time of his injury because no premiums were paid during the strike. We look first to the terms of the group policy itself to determine what effect the nonpayment of premiums had on the sickness and accident insurance coverage.[1]

Section 17 of the policy provides that the employer is responsible for the premium payments, which are due on the first day of each calendar month. If requested by General Motors and approved by defendant, the monthly premium payments could be changed so as to be payable annually, semi-annually, or quarterly. But since the record reflects no such request by General Motors, we must assume that General Motors continued its monthly premium payments, and that the last premium payment before the strike was due and paid on April 1, 1969.

The policy provided that the payment of any premium would not maintain the insurance in force beyond the day immediately preceding the next due date. In our case the premium due on April 1, 1969, would cover the employees until April 30, 1969.

But the policy granted a grace period of 31 days to the employer for payment of any premium due, and during this grace period the policy would continue in effect. If the employer failed to pay any premium within the grace period, the policy would be discontinued on the last day of the grace period.

In our case no premiums were paid from April 10, 1969, through June 9, 1969, because of the strike. The premium payment due on April 1, 1969, covered plaintiff until April 30, 1969. Since the monthly premium due on May 1, 1969, was not paid, the 31-day grace period covered plaintiff from May 1, 1969, through May 31, 1969. Since the premiums due on May 1, 1969, were not paid by May 31, 1969, sickness and accident insurance coverage lapsed after May 31, 1969, which was seven days before plaintiff was injured.

■ An insurance policy is a contract; and if the premiums are not paid the policy lapses and there is no coverage. *Survivors Benefit Insurance Co. v. Farmer,* 514 S.W.2d 565, 572 (Mo.1974); *Johnson v. Travelers Insurance Co.,* 239 Mo.App. 599, 194 S.W.2d 938, 941 (1946).

The nonpayment of premiums by an employer under a group policy that covers his employees has been an issue in many cases. Sometimes the employees contribute to the insurance premiums, usually by payroll deductions.[2]

■ It is well established that the employer's failure to pay premiums for an employee insured under a noncontributing group policy terminates his coverage under the policy. *Brown v. Equitable Life Assurance Society of the United States,* 143 S.W.2d 343 (Mo.App.1940). See the cases cited in Annotation, "Nonpayment of premiums as termination of individual coverage under group policy," 68 A.L.R.2d 215–239 (1959). Also see William F. Meyer, Life

1. We assume that the group policy introduced in evidence is a complete and current record of the group policy and its amendments then in force.

2. It is impossible to determine whether the group policy in our case was contributory. Section 4 of the policy provides that any employee represented under a collective bargaining agreement shall not be required to make any contribution to the cost of his insurance, except as specified in the bargaining agreement. The stipulated facts relate that a collective bargaining agreement was in effect at the·time of the strike, but this agreement, though an exhibit in the Circuit Court, has not been furnished to us on appeal. But whether or not the group policy plan was contributory is unimportant, as the subsequent discussion shows.

and Health Insurance Law, §§ 9:14 and 9:15 (Lawyers Co-op 1972).

Where the employee insured under a contributory group policy fails to make the required premium contributions and as a consequence the employer discontinues the payment of premiums to the insurer, such discontinuance terminates the coverage of the employee under the policy. *Williams v. Sun Life Assurance Company of Canada,* 235 Mo.App. 741, 148 S.W.2d 112 (1940); *Williams v. Aetna Life Insurance Company of Hartford, Conn.,* 154 S.W.2d 426 (Mo. App.1941); *Longley v. Prudential Insurance Company of America,* 161 S.W.2d 27 (Mo. App.1942). See the cases cited in the Annotation, supra.

We conclude the Circuit Court erred when it found for plaintiff, because the sickness and accident insurance coverage for the plaintiff had lapsed no later than seven days before plaintiff's injury, due to General Motor's nonpayment of premiums during the strike.

Having found for defendant on the issue of premium payments, we find it unnecessary to discuss defendant's second contention.

The judgment is reversed and remanded with instructions to enter judgment for the defendant.

WEIER, P. J., and RENDLEN, J., concur.